# Rice & Wilson v. Jones & Bro.

*Assumpsit for Money had and received for Plaintiff's Use.*

1. *Money ; title to, passes by delivery.*—Money and bank-notes current as money pass from hand to hand by delivery, possession of itself being sufficient evidence of title, upon the faith of which all persons dealing fairly may safely receive them.

2. *When money, the proceeds of the sale of mortgaged chattels, can not be recovered by transferee of mortgage against party receiving it from mortgagee.*—R. having executed a mortgage to M. & T. upon a crop to be grown by him on a designated place, to secure advances obtained by him from them, M. & T., after having the mortgage duly recorded, transferred and assigned it to R. & W. After the assignment, and without notice thereof, R. delivered two bales of the crop conveyed by the mortgage to M. & T., and M. shipped it in his own name to warehousemen in the city of Montgomery for sale. The cotton having been sold, M. purchased of J. & Bro., merchants in said city, a bill of goods, giving them in payment an order on the warehousemen for $134.73, expressing that it was the proceeds of three bales of cotton. This order was paid, on presentation, to J. & Bro., $98.20 thereof being proceeds of the sale of the two bales of cotton which R. had delivered to M. & T.; J. & Bro. having at the time no notice that the cotton did not belong to M., or of the manner in which he obtained it, or of the assignment of the mortgage. *Held*, in an action of *assumpsit* brought by R. & W. against J. & Bro. to recover the proceeds of the sale of the two bales of cotton paid to them by the warehousemen, that the defendants had the right to presume that the money paid to them belonged to M., and, having received it without knowledge, in good faith, and upon a valuable consideration, they were entitled to retain it; and that the plaintiffs could not recover.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The facts are sufficiently stated in the opinion.

[Rice & Wilson v. Jones & Bro.]

E. P. MORRISSETT, for appellant.—(1) While a mortgage on an unplanted crop is a mere executory contract, the cotton having been delivered in part execution thereof, the mortgagees were thereby clothed with the legal title.—*Stern v. Simpson*, 62 Ala. 194; *Abraham v. Carter*, 53 Ala. 8. (2) By the assignment of the mortgage the appellants were vested with the mortgagees' right, title and interest in the crops covered thereby. *Buell v. Underwood*, 65 Ala. 285; Jones on Chat. Mort. § 505. (3) The delivery of the cotton to the mortgagees was, in legal effect, a delivery to the transferees, and the legal title thus perfected passed to them.—61 Ala. 114; Benj. on Sales, (3d Am. Ed.) §§ 81, 83. (4) The mortgagees being estopped from claiming the cotton by their transfer, are not the appellees, who claim under them, also estopped?—19 Ala. 430; 21 Ala. 91. They could only take such title as Matthews had at the time he gave the order; and he then having no title, they acquired none. *Lyde v. Taylor*, 17 Ala. 274. (4) The appellees were not *bona fide* purchasers. There can not be a *bona fide* purchase of property from one, when the *legal title* to such property is outstanding in another.—17 Ala. 274; Benj. on Sales (3 Am. Ed.), § 6; 11 Wendell, 80; *The Idaho*, 3 Otto, 575; Story on Sales, § 201. (6) "The appellants are *bona fide* purchasers, and the legal title being in *them*, how can *they* be deprived of *their* property by the wrongful conduct of Matthews, or by any one else, except by due course of law?"—Dec. of Rights, § 7; *Sumner v. Woods*, 67 Ala. 139; *Wilburn v. McCalley*, 63 Ala. 436; *Blackman v. L. D. & Co.*, 63 Ala. 549; 58 Ala. 176; 67 Ala. 109. (7) The order was not negotiable paper, because it was limited to payment out of a particular fund.—Dan. on Neg. In. § 50; 43 N. H. 129, and authorities there cited; Chitty on Bills, p. 158; *Jenny v. Herle*, Lord Raym. 1361.

SAYRE & GRAVES, *contra*.—(1) The note secured by the mortgage was not negotiable, and the mortgagor, without notice of the transfer, had a right to pay to the mortgagees, although the mortgagees did not have possession of the mortgage.—*Hart v. Freeman*, 42 Ala. 567. Payment to the mortgagees under such circumstances operated an extinguishment of the mortgage; and after such payment it was no security in the hands of the transferee.—Jones on Chat. Mort. § 646. (2) After delivering to the mortgagees in satisfaction of the debt, the mortgagees could give a good title to an innocent purchaser; and the mortgagees could buy property or pay debts therewith, if dealing with an innocent party.—Jones on Chat. Mort. § 464. (3) Parties are not held responsible as trustees, unless knowledge is carried home to them of the trust, and that they are receiving trust funds. (4) The recorded mortgage gave notice that the

[Rice & Wilson v. Jones & Bro.]

mortgagor could not dispose of the mortgaged property; but it also gave notice that the mortgagees could. (5) Free trade in money is the law of trade. When it ceases to pass freely, from hand to hand, except to those having notice of a superior right, when it is required to trace the title to money used in trade, the wheels of commerce will stop, and the daily avocations of life will cease. As soon, therefore, as the money, the proceeds of the cotton, passed into the hands of the appellees, who were innocent parties, it became absolved from all demands against it.

BRICKELL, C. J.—The facts of this case, as shown by the bill of exceptions, are, that on the 8th day of February, 1880, Charles H. Robinson, to obtain advances to enable him to make a crop, executed a mortgage to Matthews & Tobias upon his entire crop to be grown that year on a plantation known as the "Merriwether place," to secure the payment of his promissory note for two hundred dollars, which is embodied in the mortgage. On the 3d day of March, 1880, the mortgage was recorded in the proper office; and on the 17th day of June, 1880, by writing thereon endorsed, Matthews & Tobias transferred it to the appellants, Rice & Wilson. In October, 1880, Robinson, not having notice of the assignment, in part payment of the mortgage debt, delivered to Matthews & Tobias two bales of the cotton grown by him, and Matthews shipped it in his own name to Marks & Fitzpatrick, warehousemen in the city of Montgomery, for sale. The cotton having been sold, on the 22d day of October, 1880, Matthews purchased of the appellees, Jones & Brother, merchants in the city of Montgomery, a bill of goods, giving them in payment an order on S. C. Marks, of the firm of Marks & Fitzpatrick, for one hundred and thirty-four dollars and seventy-three cents, expressing that it was proceeds of three bales of cotton. This order on presentation was paid to the appellees; ninety-eight dollars and twenty cents being proceeds of the sale of two bales of cotton, which Robinson had delivered to Matthews & Tobias. The appellees had no notice that the cotton did not belong to Matthews, nor of the manner in which he obtained it, nor of the assignment to the appellants of the mortgage of Robinson. The present action is brought by the appellants to recover of the appellees the proceeds of the sale of the two bales of cotton, paid to them by Marks & Fitzpatrick. The Circuit Court refused to instruct the jury, on request of the appellants, in substance and effect, that upon this state of facts they were entitled to recover; but, on the request of the appellees, instructed them, that if they believed the evidence, they must find for the appellees. These rulings form the matter of the assignment of errors.

Conceding to the appellants the proposition upon which they

insist, that the legal title to the cotton enured to them upon its delivery to Matthews & Tobias, and that for its subsequent conversion they could maintain trover against them, or waiving the tort, *assumpsit* for money had and received, recovering the price for which they sold the cotton, does not meet the question now involved. Upon the strength of the legal title, if it enured to them as claimed, there could be a recovery of the cotton, or, from a tortfeasor, of the proceeds of its sale, if he sold for money or its equivalent. The legal title can not, however, enable the appellants to pursue money, the proceeds of the sale of the cotton, which was in the usual course of business passed into the hands of an innocent holder, upon a valuable consideration.—*Burnett v. Gustafs*, 54 Iowa, 86; Jones on Chat. Mort. § 464. Money, or bank-notes current as money, pass from hand to hand by delivery, possession of itself being sufficent evidence of title, upon the faith of which all persons dealing fairly may safely receive them. In the leading case of *Miller v. Race*, 1 Burr. 452 (1 Smith Lead. Cases (7 Am. Ed.), 808), the principle was settled by Lord Mansfield. A bank-note had been stolen from the mail, and was taken for value by the plaintiff in the usual course of business. Upon its presentment to the bank for payment, it was taken and retained by the defendant, as clerk in the bank, having notice of the robbery, and the bank having been indemnified by the real owner to stop the payment of the note. The plaintiff was held entitled to recover, because money or bank-notes pass upon the faith of possession, and that it is necessary for the purposes of commerce, that their currency should be established and secured. Any other principle would embarrass and render insecure the daily transaction of business. If the defendants had known of the claim of plaintiffs to the cotton, and that the money they were receiving was the proceeds of its sale, a different question would be presented. But not having such knowledge, they had the right to presume the money paid to them was the money of Matthews, the drawer of the check, and having received it in good faith, upon a valuable consideration, they are entitled to retain it.

Affirmed.