### BURNETT V. GUSTAFSON ET AL.

1. **Trust:** PROCEEDS OF MORTGAGED CHATTELS: PAYMENT OF DEBT. Where the owner of certain cattle covered by a chattel mortgage shipped the same out of the State and sold them, and applied the proceeds in payment of a note which he owed to a bank in another county of this State, the cashier to whom the payment was made supposing the money to be the proceeds of the sale of the cattle, but having no actual knowledge of the facts, and having no knowledge of the mortgage, which was not recorded in that county, it was held that the bank could not be held to account for the amount received to the holder of the mortgage.

*Appeal from Webster Circuit Court.*

WEDNESDAY, JUNE 16.

THE plaintiff brought an action against John E. Gustafson, aided by attachment, and the First National Bank of Boone was garnished as a supposed debtor of John E. Gustafson. The statutory questions were propounded to the garnishee through its cashier, who answered all of said questions in the negative. The plaintiff recovered judgment against Gustafson for $625.21, with ten per cent interest, and an order was made giving the plaintiff leave to file, within ten days, a bill in equity against the said bank. Within the time allowed the plaintiff filed a petition in equity alleging in substance that of the proceeds of a certain mortgage on cattle to plaintiff to secure the debt sued upon, the defendant bank received from Gustafson one thousand dollars, and applied it to the satisfaction of an antecedent indebtedness due the bank from Gustafson. The petition prays that the bank

may be declared a trustee of said fund, and required to account for the same.

The court dismissed the petition. The plaintiff appeals. The material facts are stated in the opinion.

*O'Connell & Springer*, for the appellant.

*John F. Duncombe*, for appellees.

DAY, J.—I. On the 13th day of May, 1876, John E. Gustafson, to secure the debt sued upon, executed to the plaintiff a chattel mortgage upon property described as follows: "Sixty head of cattle; forty-five three years old, and fifteen two years old, steers."

1. TRUST: proceeds of mortgaged chattels: payment of debt.

This mortgage was recorded in Webster county on the 16th day of May, 1876. About the same time the defendant Gustafson was indebted to the bank in the sum of $2,200, a portion of which debt had been renewed from time to time. At the date of the last renewal of a note of $1,000, Gustafson promised that he would pay it when he sold his cattle. On the 10th day of January, 1877, Gustafson sold, in Chicago, thirty-seven of the three year olds described in the mortgage, and received therefor a little over one thousand dollars. The defendant Gustafson deposited this sum in a bank in Chicago to the credit of the First National Bank of Boone. On the 11th day of January the defendant bank received notice of this deposit; and placed it to the credit of Gustafson in the bank. On the 29th of January, when a note of one thousand dollars matured, Gustafson came to the bank and requested a further renewal. He was then reminded of his promise at the time the former renewal was made. The money was then, with the consent of Gustafson, applied to the payment of the one thousand dollar note, and the note was surrendered.

From the time of the execution of the mortgage till the sale of the cattle they remained in Webster county, with the

exception of five months when they were in Greene county. The cattle were never in the possession of the plaintiff. The bank had no knowledge of the existence of the mortgage until after the satisfaction of the debt, and the surrender of the note. The cashier who conducted the business for the bank supposed that the fund arose from the sale of Gustafson's cattle, but he had no actual knowledge of that fact. Under the circumstances, we think, the bank cannot be treated as a trustee of the fund. If the bank had bought the cattle of Gustafson, then, if the description in the mortgage is sufficiently explicit, the record of the mortgage would have furnished the bank constructive notice of the plaintiff's rights. But, when the bank simply received a fund, which it supposed arose from a sale of cattle, without any suspicion that a mortgage existed upon the cattle, it was under no obligation to examine the records in another county for the purpose of ascertaining whether a mortgage upon the cattle was on record. It would greatly embarrass commercial transactions, if a party could not safely receive the proceeds of personal property without first examining the records of the one hundred counties in the State, to see whether any mortgage upon the property is recorded. The party receiving the proceeds of such property has a right to presume that the sale was proper, or, if not, that the party entitled to the lien will pursue the property itself, and not its proceeds. If the fact of the existence of the mortgage was known, and the identical proceeds could be traced, a different question might arise.

II. It is claimed that the bank must account for the money, because it received it in payment of a pre-existing debt. Whatever may be regarded as the proper rule respecting the transfer of other property in payment of existing debts, it cannot be denied that the receipt of money in that manner is in accord with the usual custom of business. A want of *bona fides* cannot be attributed to the party who surrenders the evidence of an existing debt, in consideration of money paid.

AFFIRMED.