## WATERS v. THE CASS COUNTY BANK.

1. **Chattel Mortgage**: SALE OF CHATTELS BY MORTGAGOR: LIEN ON PROCEEDS OF SALE. S., having mortgaged certain cattle to the defendant, sold them to A., who, by direction of S., gave to plaintiff, to whom S. was indebted, a draft for a part of the purchase-money. Plaintiff deposited the draft in the defendant bank to his own credit, and took therefor the "deposit check" on which this suit is brought for the recovery of the money. The defendant claimed to have a lien upon the money as the proceeds of the sale of the cattle, by reason of his unsatisfied mortgage thereon. *Held* that defendant's position could not be maintained; that its lien followed the cattle themselves, and not the proceeds, and that plaintiff was entitled to recover.

*Appeal from Cass Circuit Court.*

FRIDAY, DECEMBER 5.

THIS action was brought to recover $400 upon what the parties denominate a deposit check. No copy of the instru-

ment is set out, but we infer that it showed a deposit of $400 in the defendant bank, and a liability upon its part to repay the same. The defense is based upon the alleged fact that the money deposited did not belong to the plaintiff, but to the defendant, and that the deposit check was given by mistake. There was a trial without a jury, and judgment was rendered for the plaintiff. The defendant appeals.

*Temple & Phelps*, for appellant.

*E. Willard*, for appellee.

Adams, J.—The deposit in question was made by the delivery by plaintiff to the defendant of a draft. This draft was obtained by the plaintiff of one Alexander, and represented a part of the purchase-money of a herd of cattle bought by Alexander of one Saunders. By what contract between Alexander and Saunders the draft in question was given by Alexander to the plaintiff, is not distinctly shown. But it appears that Saunders was indebted to the plaintiff, and it was understood by plaintiff that this draft was given to him by Alexander in payment of Saunders' debt. Neither Alexander nor Saunders was examined as a witness, but the fact undoubtedly was that Saunders directed Alexander to make this payment. So far there is no controversy. The defendant's claim to the money paid the plaintiff in this draft rests upon the alleged fact that the defendant had a mortgage upon the cattle, given by Saunders to secure a debt which he owed the defendant bank; and its legal proposition is that, when the cattle were sold by the mortgagor to Alexander, the defendant's lien attached at once upon the purchase-money, and followed it after it passed into the hands of the plaintiff.

Some question is raised in regard to the fact of the existence of the mortgage upon the cattle sold. In the mortgage shown, the description of the cattle designed to be mortgaged is not very explicit, and it is not entirely certain that the herd sold did not embrace some cattle not included in the

mortgage. But we do not deem it necessary to determine this fact. The lien of the mortgage, without any question, so far as it existed upon the cattle sold, followed them into the hands of Alexander, and could not be divested by any payment which Alexander could make, short of a payment of the mortgage debt. At the time, then, of this transaction, the defendant's lien upon the cattle appears to have been unimpaired. If these cattle had been sold under some order of court by which the lien of the mortgage became divested, there would be some ground for contending that it was transferred to the proceeds. But a sale of the kind shown could not, we think, have such effect. Whether, if the circumstances were such that the defendant could not follow the cattle, it would have a remedy in equity, we do not determine. The defendant's remedy, so far as he has a remedy at law, is against Saunders, and against the cattle, if it can find them, and possibly against Alexander, if by any wrongful act of his the defendant has been deprived of its security.

We see no error in the ruling of the circuit court, and the judgment must be·

                                                          AFFIRMED.