BERGMAN & McKINLEY, Appellants, v. J. G. GUTHRIE, Intervenor, Appellee.

Landlord's Lien: GARNISHMENT: PRIORITY OF LIENS. Where property subject to a landlord's lien and also to chattel mortgages, held by the landlord, was sold at public auction under an agreement between the landlord and his lessee that the proceeds of such sale should be received by the landlord, and applied to the payment of the rent due and of the mortgage indebtedness, *held*, that the right of the landlord to money due for property purchased at such sale was superior to that of a judgment creditor of the lessee under a garnishment of a purchaser subsequent to said agreement.

*Appeal from Jasper District Court.*—HON. DAVID RYAN, Judge.

FRIDAY, OCTOBER 13, 1893.

THE plaintiffs, by the process of garnishment, seek to appropriate, as the property of their judgment debtor, certain money owing by the garnishees, and claimed by the intervenor. There was a trial by the court without a jury, and a judgment in favor of the intervenor. The plaintiffs appeal.—*Affirmed.*

*W. O. McElroy*, for appellants.

*Alanson Clark*, for appellee.

ROBINSON, C. J.—On the ninth day of February, 1892, J. P. Bell and B. W. Blackwood were garnished, under a general execution issued from the office of the clerk of the district court of Jasper county, on a judgment in favor of the plaintiffs, and against the defendants G. S. Guthrie and others, as supposed debtors of said Guthrie. On the same day G. W. Harlan and Ed Donahey were likewise garnished under a general execution issued by the same clerk on another judgment in favor of the plaintiffs and against the defendants, as supposed debtors of said Guthrie. On the same day J. P. Bell and D. G. Wheatcraft were garnished under a general execution issued by the same clerk on a judgment in favor of Reeves & Company, and against the defendant G. S. Guthrie and others, as supposed debtors of said Guthrie. The answers of the garnishees were taken, and each one answered that he was indebted to said Guthrie for a sum specified, on account of personal property purchased of him at public auction on the day of the garnishment. Notice was thereafter given to said Guthrie, requiring him to appear in court on a date specified, and show cause why judgment should not be

rendered, condemning the money in the hands of the garnishees. In March, 1892, J. G. Guthrie appeared and filed in each of the garnishment proceedings a petition of intervention, in which he alleged that he was the owner of certain land which was described; that he had made a written lease therefor to said G. S. Guthrie for the term of three years from the first day of March, 1889, at the annual rent of eight hundred and fifty dollars, of which two hundred and eighty dollars were to be paid on the fifteenth day of October, and five hundred and seventy dollars on the first day of March of each year; that, before the termination of the lease, G. S. Guthrie, with the consent of the intervenor, advertised and made a public sale of a large quantity of stock, grain and implements upon the leased premises, with the oral agreement between them that the entire proceeds of the sale should belong and go to the intervenor, and be credited upon rent due, and to become due, as provided in the lease; that the proceeds were to be accepted and taken by the intervenor, in person, and that G. S. Guthrie was not to receive any of them until the debt of intervenor should be fully paid; that all of the property sold, and all that purchased by the garnishees, was covered by, and subject to, his landlord's lien; that the garnishees knew at the time of the sale that the property they were buying was subject to his said lien; that there is due to intervenor for rent more than six hundred dollars; that the garnishees were fully informed of his rights before any of the property sold was taken; that he is the absolute owner of the money shown to be due by their answers; and that there is no other property from which the amount due him can be satisfied. He asks that he be adjudged to be the owner of the proceeds of the sale in the hands of the garnishees. The answer of the plaintiffs to the petition of intervention in each case admits the sale and garnishment, but denies that the

intervenor is entitled to the proceeds in the hands of the garnishees. The issues made in the three cases were tried together, and before judgment Bergman & McKinley were substituted for Reeves & Company as plaintiffs in the case in which the latter had obtained judgment, and the proceedings in the three cases were consolidated, and afterward judgment without costs was rendered in favor of the intervenor, and against each garnishee, for the sum of money he was owing, and against the plaintiffs for costs of the garnishment proceedings.

The appellants admit that the garnishments were effectual to secure the interest which G. S. Guthrie actually had at the moment of garnishment in the money which the garnishees were then owing, but they insist that the evidence fails to show an assignment of such money which was effectual to place it beyond the reach of garnishment process. The district court was authorized to find from the evidence that the material facts were substantially as follows: The intervenor, while owner of certain land, gave to his son, the defendant, George S. Guthrie, a lease thereof, as stated in the petition of intervention. In February, 1892, the son was owing his father a considerable sum of money for rent, and other money, which the latter had paid for him as surety. The money due and to become due for rent was secured by a landlord's lien on grain, stock, and other personal property, and some of the other indebtedness was secured by two chattel mortgages on horses, cows, and sheep. It was agreed between the father and son that the stock and grain which was held as security for the money which the latter was owing to the former should be sold at public auction, and the proceeds thereof should be delivered to the father, to pay the amount the son was owing him. A sale was accordingly made on the the ninth day of February, 1892, which the father attended, for the purpose of approving the notes and security taken, and receiving

the proceeds of the sale. The notices of garnishment were served after the garnishees had purchased the property, the price of which is in controversy, but before they had settled for it. The father received all the proceeds of the sale, excepting the sums which were due from the garnishees. The amount realized at the sale was about one thousand and two hundred dollars, of which seven hundred and seventy-seven dollars were applied on account of notes which the father had paid as surety, and the remainder was applied on rent. A part of the mortgaged property was not sold on February 9, 1892, but was afterward sold under foreclosure of the chattel mortgages, and the proceeds applied in paying the mortgage indebtedness. There is still due the father for rent the sum of three hundred and forty dollars, besides interest, and the aggregate amount due from the garnishee was three hundred and fifty-six dollars and seventy-five cents, or not more than enough to pay the intervenor the balance due him. All the property purchased by the garnishees was corn and hogs raised upon the leased premises. The intervenor appears to have liens upon substantially all the property sold, and the effect of the arrangement he made with his son was not to release the liens, but to recognize and enforce them, by a sale of the property subject to them, and an application of the proceeds in payment of the debts. The intervenor alone was entitled to the proceeds, and he could have compelled the purchasers to settle with him for the amounts of their bids, and that, in effect, he required them to do. Since the agreement was made before the garnishments were effected, and the proceeds of the sale were not sufficient to pay the amounts which the son owed to the intervenor, it follows that the son had no right to the money which the garnishees were owing for their purchases, and that the execution creditors acquired nothing by their garnishments.

The judgment of the district court is AFFIRMED.