SIMON CASADY & Co., Appellant, v. GERMAN SAVINGS BANK, of Des Mones, Iowa, Appellee.

Chattel mortgage: DESCRIPTION: INSUFFICIENCY. The recording of a chattel mortgage, containing a description of property which is so indefinite and uncertain that the property could not be identified without the aid of actual knowledge of the same, will not afford constructive notice to anyone. In the instant case the mortgagor owned a large number of cattle answering the description in different mortgages, each covering a portion of the number, and there was nothing done to segregate or otherwise identify those intended to be covered. *Held*, insufficient for description.

**Same:** SALE OF MORTGAGED PROPERTY: LIEN ON PROCEEDS. Plaintiff and defendant held mortgages covering the same cattle, and a commission merchant also held a prior mortgage on a part or all of them. The mortgagor shipped them to the commission merchants who sold them, deducting the amount of their mortgage and depositing the balance in bank to the credit of the defendant. *Held*, that even though the plaintiff's mortgages contained a sufficient description, and the recording was notice to defendant, the lien thereof did not follow the funds into the hands of defendant.

**Same:** SALE OF MORTGAGED PROPERTY: WAIVER OF LIEN. Where a mortgagor, after sale of the property and receipt of the proceeds by other creditors, borrowed sufficient money to pay the mortgage debt and forwarded the same to the mortgagee in payment, but the mortgagee applied the same to unsecured debts, still insisting on the right to enforce the mortgage, and thereafter the mortgagor had a settlement with the mortgagee and tendered the amount due, which was refused, there was a waiver of the mortgage lien.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

MONDAY, MARCH 17, 1913.

SUIT in equity to impress a trust or establish an equitable lien upon certain funds in the hands of defendant bank, derived from the sale of certain cattle belonging to one Hartzell, upon which it is claimed plaintiff had a chattel mortgage. The trial court dismissed plaintiff's petition, and plaintiff appeals. —*Affirmed.*

*Henry & Henry,* for appellant.

*Sullivan & Sullivan,* for appellee.

DEEMER, J.—Plaintiff is a copartnership and defendant a corporation, each doing a banking business, the former at the town of Cumming, in Warren county, and the latter in the city of Des Moines. One O. M. Hartzell was a farmer

engaged in tilling the soil and raising stock in Madison county; his post office address and market town being Cumming. In the year 1907 he borrowed of plaintiff the sum of $2,000, and gave his note for that amount, maturing March 20, 1908. To secure this note, he executed and delivered to plaintiff, concurrently with the execution of the note, a chattel mortgage purporting to cover certain steers described as follows, to wit: "Forty head of three year old steers, weight about 1,200 lbs., color reds and roans. Worth about $60.00 per head. The same is now in my possession in section 14 and 15, Lee township, Madison county, Iowa." This mortgage was duly acknowledged and filed for record with the county recorder of Madison county on December 24, 1907. On March 21, 1908, $53.33 in interest was paid upon the note, and on the same date $600 of the principal was paid. On February 12, 1908, Hartzell executed another note to the plaintiff in the sum of $2,452.66, due, according to its terms, ninety days after date, and to secure the same he on the same day executed another mortgage upon certain cattle, containing the following description: "Fifty head of three year old steers, weight 1,250 lbs., color mostly red. That the same is now in my possession in sections 14 and 15, in Lee township, county of Madison, state of Iowa." This mortgage was duly acknowledged and filed for record in Madison county on February 13, 1908.

Prior to the execution of either of these mortgages, Hartzell executed to the defendant bank his note for the sum of $9,000, and to secure the same, executed a chattel mortgage which covered, among other things, "14 head of cattle," described as "three years old, mostly red in color." Hartzell was also indebted to Byers Bros. & Co., commission men of Chicago, to whom he made a mortgage upon seventeen other head of steers and three calves, the amount of the indebtedness, which this mortgage was made to secure, being approximately $3,811.49. On April 13, 1908, Hartzell shipped all the cattle covered by these mortgages, amounting in all to

one hundred and twenty head, to the Chicago commission men, retaining something like fifty head upon his farm in Madison county. Hartzell arrived in Chicago with the cattle on April 15th, and there met one O'Donnell, representing the defendant bank, in the office of Byers Bros. O'Donnell inquired about the shipment of the cattle, and wanted to know how the market was, and how much money his bank was to get out of the sale. He was promised all he, Hartzell, could spare.

Byers Bros. sold the cattle in the regular way to various packers, and received therefrom the sum of $7,542.06 net. They deducted from this the amount of their indebtedness, to wit, $3,811.49, paid Hartzell the sum of $25, and deposited the remainder, to wit, $3,705.57, to the credit of the defendant bank in the Drovers' National Bank of Chicago.

The Byers Bros. mortgage was upon one hundred head of cattle, and was recorded in Madison county on January 23, 1907. It was given for the purchase price of the animals which were bought for Hartzell in the Kansas City market. The defendant used the amount of this credit in the Drovers' Bank for the payment of the indebtedness owed it by Hartzell, leaving something still due from him; and this action is brought by plaintiff to recover the amount so applied by defendant bank, and to establish a lien thereon, upon the theory that the plaintiff, in virtue of its chattle mortgage, had a lien upon the cattle and the proceeds thereof, and that said proceeds were impressed with a trust in its favor, to the amount of the chattel mortgages upon the property. In support of this contention, it claims that both Byers Bros. and the defendant bank had knowledge, either actual or constructive, of its mortgages upon the cattle, and that the lien thereby created followed the fund arising from the sale of the animals so long as the money could be traced. On the other hand, defendant denies that it had any knowledge, either actual or constructive, of plaintiff's mortgages, and avers that the said mortgages were each void and of no effect because of insufficiency of the description of the property intended to be

covered thereby. It therefore argues that although the mortgages were filed for record in the proper county, and were duly recorded, they gave no notice to the defendant of any lien in plaintiff's favor.

It should be remembered, in this connection, that Hartzell, shipped 123 animals to Chicago; that plaintiffs had mortgages which purported to cover 90 head, under the descriptions heretofore given; that defendant bank had a mortgage upon 14 head; and it also appears that Byers Bros. had a prior mortgage, upon some or all of the cattle, to cover a balance of indebtedness for the purchase price. The uncontradicted testimony shows that, at the time plaintiff took its mortgage upon the 40 head of cattle, Hartzell had about 150 animals answering the same description, and the same situation existed when it took the mortgage upon the 50 head of steers. And it further appears that there never was any segregation of the cattle covered by plaintiff's mortgage, and nothing done to identify the same or to distinguish those intended to be covered by the mortgage. When Hartzell made his Chicago shipment, he still had upon his farm, in Madison county, about 50 head of cattle answering the general description contained in plaintiff's mortgage. Byers Bros. had a first mortgage upon all the cattle, which contained a sufficient description of the animals, and the defendant bank had a mortgage upon fourteen head, which was part security for an indebtedness due it. Hartzell was also indebted to it in a sum much larger than the amount secured by mortgage upon the fourteen head; and, when it secured the balance of the proceeds from the sale of the cattle, it applied the same in payment or part payment of Hartzell's indebtedness.

I. Some time during the summer of the year 1908, Hartzell filed a petition in voluntary bankruptcy, and it is apparent that some one must lose because of their dealings with him. Whatever the rule elsewhere, it is apparent that the description of the property, in each of plaintiff's mortgages, were indefinite and uncertain, and that, in the absence of actual knowl-

1. CHATTEL MORTGAGES : description : insufficiency.

edge as to the property intended to be covered thereby, the recording of the instruments gave no notice to any one. Indeed, such mortgages have been declared by our decisions to be void and of no effect. See *Smith v. McLean,* 24 Iowa, 331; *Rhutasel v. Stephens,* 68 Iowa, 628; *Ormsby v. Nolan,* 69 Iowa, 130; *Hayes v. Wilcox,* 61 Iowa, 732; *Barrett v. Fisch,* 76 Iowa, 553; *Plano Mfg. Co. v. Griffith,* 75 Iowa, 102; *Westinghouse v. McGrath,* 131 Iowa, 226; *Bank v. Chicago Ry. Co.,* 122 Iowa, 503; *Caldwell v. Trowbridge,* 68 Iowa, 150. As already stated, there is no testimony that either Byers Bros. or the defendant bank had any notice or knowledge of plaintiff's mortgages, save as the record would impart such notice.

II. Assuming, however, that the mortgages to plaintiff were valid and covered ninety head of the cattle shipped to Chicago, and that all persons dealing therewith were bound

**2. SAME: sale of mortgaged property: lien on proceeds.** to take notice of the liens, because of the recordation of the mortgages, it does not follow that this lien followed the funds into the hands of the defendant bank. In such circumstances, under the rule announced in many previous cases, plaintiff would have no lien upon the funds in the hands of the defendant bank. *Smith v. Bank,* 99 Iowa, 287; *In re Windhorst,* 107 Iowa, 58; *Waters v. Bank,* 65 Iowa, 234; *Nordby v. Clough,* 79 Iowa, 428; *Harlan v. Ash,* 84 Iowa, 38; *Farmer v. Bank,* 130 Iowa, 469; *Burnett v. Gustafson,* 54 Iowa, 86; *Hartwig v. Iles,* 131 Iowa, 501.

III. While Hartzell claims that he shipped the cattle to Chicago for sale with the plaintiff's knowledge and consent, the testimony upon this proposition is in sharp conflict. But

**3. SAME: sale of mortgaged property; waiver of lien.** it does appear that, when Hartzell got to Chicago, he borrowed the sum of approximately $4,500 upon the cattle still remaining at home, and sent, or caused the same to be sent, to the plaintiffs, with directions to apply the same upon the notes secured by mortgage. Instead of doing this, plaintiff applied the amount on some unsecured indebtedness and an overdraft,

and still insists that it had the right to rely upon its mortgage securities. Again, before Hartzell went into bankruptcy, an agent of Hartzell went to plaintiffs for the purpose of straightening out his business with the plaintiff, and especially to see that the debts secured by mortgages upon the cattle were paid. At this agent's request, one of the plaintiffs figured up the amount due on the notes, secured by the mortgages, and Hartzell's agent tendered the amount due on the notes, secured by mortgages, which plaintiff's agent refused to accept. This in itself amounted to a release of the mortgages under well-settled principles of law.

Under no theory was plaintiff entitled to recover, and the decree dismissing the petition is manifestly correct, and it must therefore be, and it is, *Affirmed.*