F. A. HOYT, Appellant, v. WILL CLEMANS, et al., Defendants; C. M. ROBERTS, et al., Garnishees; R. H. JAMISON and MARGARET CARMODY, Appellees.

Liens upon personal property: CONSENT TO SALE: WAIVER: GARNISH-
1   MENT. Where a mortgagee or landlord unconditionally assents to a sale by the owner of property covered by their liens, the liens are waived, even though the owner promises to pay the proceeds over to them. But where the lien holder's consent to a sale of the property is on condition that a designated person shall act as clerk of the sale, and apply the proceeds to a satisfaction of the lien, such person becomes a trustee of the parties, and the funds thus coming into his hands are not subject to garishment by a creditor of the owner of the property.

Garnishment: LIABILITY OF GARNISHEE. A judgment creditor can ac-
2   quire no greater rights against the garnishee than the judgment debtor himself would have, if he sought to recover from the garnishee.

*Appeal from Buchanan District Court.*—HON. GEO. W. DUNHAM, Judge.

SATURDAY, NOVEMBER 21, 1914.

GARNISHMENT proceedings against Roberts and the People's National Bank of Independence, Iowa, garnishees, to satisfy a judgment held by plaintiff against Will Clemans and

Estella Clemans. A mortgagee of certain chattel property, and the landlord on whose land the property was kept, appeared and made claim to the property. Plaintiff moved for judgment against the garnishees, and this motion was overruled, the garnishees were discharged, and plaintiff appeals.— *Affirmed.*

*Cook & Cook*, for appellant.

*R. J. O'Brien*, for appellees.

DEEMER, J.—Clemans and wife were tenants of a farm owned by one Mrs. Carmody, and kept thereon certain property, upon which the landlord had a lien for rent due and to become due. One Jamison had a chattel mortgage upon this property, which was superior to the lien of the landlord. Clemans concluded to quit farming, and determined to have a public sale of his property. Before announcing this sale, he secured the consent of the landlord and the mortgagee, upon condition that the garnishee Roberts should act as clerk of the sale, and that the proceeds received by him from the sale should be turned over to the mortgagee and the landlord to satisfy the indebtedness due them. Pursuant to this arrangement, a public sale was had, and Roberts received, as proceeds from the sale, about $1,300. The indebtedness secured by the mortgage was approximately $1,000, and the rent amounted to about $400, so that there was not enough to take care of these two debts.

1. LIENS UPON PERSONAL PROPERTY: consent to sale: waiver: garnishment.

Plaintiff held a judgment against the Clemans'. amounting, with costs, to something over $200, and he sued out an execution thereon, which was served by garnishing Roberts and the People's National Bank, of which he (Roberts) was cashier, on January 21, 1913. The sale was held on the 20th of that month, and, at the time of garnishment, Roberts had the funds arising from the sale in his bank. Both the cashier

and his bank were garnished, and they each answered that they did not owe the judgment defendants anything, and that they had no money or property of theirs in their possession. They admitted the facts already stated, however, and further the garnishee Roberts said:

No money was to be paid to Mr. Clemans until after the expense of the sale was taken out first; then Mr. Jamison's claim was to be satisfied as far as the mortgaged property would go; and the balance was to be applied on Mrs. Carmody's notes. At no time did I have any money in my possession that I would pay to Mr. Clemans after having had instructions from him to pay the money to other parties. The notes of Mr. Jamison and Mrs. Carmody were left with me at that time. At no time did I have any money in my possession belonging to Mr. Clemans, according to this understanding. I mean that if this money from the sale of the property mortgaged to Mr. Jamison is to be paid to Mr. Jamison, and sufficient of the other property not subject to Jamison's mortgage be paid to Mrs. Carmody, that exhausts the money. I have money in my hands, the proceeds of that sale, and had, at the time I was garnished, sufficient to pay the claim of Mr. Hoyt from either the mortgaged property or from the other property. I had money, at the time I was garnished, sufficient to pay Mr. Hoyt's claim from either class. I had no money in my hands belonging to Mr. Clemans at the time I was garnished, because he (Clemans) had given me absolute instructions to pay it to other parties. Q. Was there anything said relative to whether or not Mr. Jamison and Mrs. Carmody would allow the sale to go on unless Mr. Clemans should make this arrangement? A. Well, the matter was talked over at the bank, at the time I mentioned, that they would have to be assured that their claims would be taken care of before they allowed the sale to be made; that is, a public sale. Q. The agreement that you were to take the money? A. Yes. Q. Before they would let the sale go on? A. Yes. These parties, after having told Mr. Clemans before me that they wouldn't let the sale go on unless certain terms were complied with, did allow the sale to go on, with the verbal understanding between Mr. Jamison, Mr. Troy, and myself that the proceeds were to be applied as I stated. I am cashier of the People's National Bank.

On this record appellant insists that he was entitled to judgment against the garnishee condemning the entire proceeds in his hands, or at least all over the amount of the mortgage indebtedness, on the ground that, by consenting to the sale, both the mortgagee and the landlord waived their liens, and that the garnishment became superior to the liens of either.

It is doubtless true that an unconditional consent by either a chattel mortgagee or a landlord to the sale by the owner of the property covered by their liens amounts to a waiver thereof, even though he (the owner) promises to turn the proceeds over to the lienholders. See *Smith v. Clark*, 100 Iowa, 605; *Smith v. Bank*, 99 Iowa, 282; *Waters v. Bank*, 65 Iowa, 234; *Hartwig v. Iles*, 131 Iowa, 501. This is upon the theory that the lien does not follow the purchase price, and the mortgagor simply becomes liable on his promise to pay over the proceeds, upon which there is no lien or trust. It is true that in the case at bar the lienholders consented to the sale, but it was agreed that the proceeds should be received by Roberts, who was agreed upon as the clerk of the sale, and that he should hold and apply the same upon the indebtedness secured by the chattel mortgage and the landlord's lien. The evidences of these items of indebtedness were turned over to him before the sale, and he received the proceeds of the sale, not as the agent of the mortgagor, but as trustee for the lienholders. As soon as they reached his hands, they became subject to this trust, and he was under no obligation to pay them over to the original owners, nor could they have collected the same from him. His only duty to Clemans was to hold and faithfully apply the funds.

The original owners of the property could not have recovered the funds from him, nor could they have brought any action against him save for a breach of trust. The money was never in the hands of the mortgagors or lessees, and the proceeds of the property has at all times been in the possession of

2. GARNISHMENT: liability of garnishee.

the trustee, Roberts, pursuant to the agreement made at the time consent was given to the sale of the property. In this respect the case differs from those relied upon by appellant's counsel. *Bergman v. Guthrie,* 89 Iowa, 290, announces the principles which should govern this controversy.

It is elementary that, as a general rule, a garnishing creditor acquires no greater rights against the garnishee than the judgment debtor would have had against him, had he sought to recover from the garnishee, and it is manifest, under the facts above stated, that the Clemans could not have recovered anything from Roberts save as for a breach of trust. What was done amounted to little, if anything, more than a foreclosure of the mortgage and landlord's lien by notice and sale, and in such cases consent of all parties to the sale does not discharge the lien. But, if it does, the proceeds in either case are impressed with a trust by agreement of the parties. The trustee has at all times been in possession of the proceeds, and his claim thereto, under the trust reposed in him, is superior to a garnishment by a judgment creditor of the original owner of the property. No amount of argument can make this plainer. If authorities be needed, we cite the following as sufficient for the purposes of the case: *Peregoy v. Wheeler,* 88 Iowa, 732; *Jones v. Turck,* 33 Iowa, 246.

We find no error, and the judgment must be, and it is— *Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.