H. L. AUGUSTINE, Appellee, v. W. J. GOLD, Appellant.

PLEADING: Construction—Understanding of Parties. Pleadings will be construed in harmony with the mutual understandings of the parties, while the real merits are under consideration. Belated construction, born of a desire for technical advantage,

will not be tolerated. So held where exemption claim was made to *brown* mules, when they were *bays*.

**EXEMPTIONS:** **Team—Mortgage Without Concurrence of Wife.** A
2   team habitually used by a farmer to earn his living is exempt, and a mortgage thereon without the concurrence and signature of the wife is absolutely void, even though the farmer has *other* teams with which he does not earn his living.

*Appeal from Taylor District Court.*—H. K. EVANS, Judge.

NOVEMBER 15, 1919.

REHEARING DENIED FEBRUARY 23, 1920.

ACTION of replevin, based on a mortgage. Opinion states the facts. Judgment for the plaintiff. Appeal by the defendant.—*Reversed.*

*Frank Wisdom*, for appellant.

*Flick & Flick*, for appellee.

GAYNOR, J.—This is an action at law, to recover the possession of a span of mules. Plaintiff bases his right to possession on a chattel mortgage, made, executed, and delivered to him by the defendant. The property covered by the mortgage is described in the mortgage as follows:

1. PLEADING:
   construction:
   understanding
   of parties.

"One bay mare mule five years old, weight 1,200 pounds, named Kate, white nose and belly. One *bay horse* mule, 5 years, weight 1,200 pounds, named Jerry, white nose. One *brown mare* mule, age five years old, weight 1,150 pounds, black nose and legs, scar on right front foot. One *brown mare* mule, age five years old, weight 1,150 pounds, white nose and belly."

It is recited therein that the above mortgage is given subject to a mortgage of T. S. Shay for $350.

In his petition, plaintiff asked the possession of one brown mare mule, age five years, weight about 1,150

pounds, black nose and legs; scar on right front foot; and one brown horse mule, age five years, weight 1,150 pounds, white nose and belly. A writ of replevin was issued for the mules described in the petition. The writ was passed into the hands of an officer for service. The officer went to defendant's place with the writ, and found him in possession of a bay mare mule and bay horse mule, and levied the writ on the mules so found in defendant's possession. Thereupon, defendant executed a delivery bond, and these bay mules were released to him. The delivery bond, however, followed the description in the writ of replevin, and described the mules taken as they were described in the petition and in the writ. Defendant appeared in the replevin action, and admitted in his answer that, on the 29th day of January, 1917, he executed and delivered to the plaintiff a certain mortgage on said property, but claimed that the same was exempt to him at the time the mortgage was given. The exemption was predicated on the fact that he was, at the time the mortgage was given, "a farmer, a married man, and the head of a family," and that the mules were a team by which he habitually earned a living for himself and family; that his wife never signed the mortgage; that the mortgage was, therefore, void and of no effect. The plaintiff replied, denying the exemption.

Upon this issue, the cause was tried to the court, a jury being waived, and the court found that the brown mare mule and the brown horse mule described in the petition and in the writ of replevin were worth $160 each; found that plaintiff is entitled to the possession of the same under his mortgage, and that the claim of exemption was not well founded. The value of plaintiff's right therein was fixed at $316, with 8 per cent interest from the 29th day of January, 1917. Judgment was, therefore, entered against the defendant for the value of the mules described in the petition. From this, defendant appeals.

It will be noted that the mortgage does not cover a *brown horse* mule. The only horse mule described in the mortgage is a *bay* horse mule. The writ of replevin and the delivery bond both describe a brown horse mule. It is apparent, therefore, that the plaintiff did not follow the descriptions in the mortgage accurately, either in his petition or in his writ. It appears, without dispute, from the testimony of T. S. Shay, the party named as prior mortgagee, that he, Shay, sold the defendant the bay mules in December, 1915, and the brown mules on the 29th day of January, 1917; that he took a mortgage on both teams, to secure the payment of a note given for the last-named team. Later, Shay told the defendant that, if he returned the last-named team (being the brown mules), he would give him his note. The defendant did return and deliver to Shay the brown mules, and Shay gave him his note. This was done before the replevin suit was commenced; so that, at the time the replevin suit was commenced, defendant did not have in his possession either of the brown mare mules. The only team he had in his possession was the bay mare mule and the bay horse mule described in the mortgage. The levy was not made upon the property described in the petition, nor upon either of the brown mules. The replevin writ was levied only upon the bay mules, neither of which answers the description in the petition or in the writ. In making the delivery bond, the scrivener followed the description made in the writ of replevin, and described a brown horse mule and a brown mare mule. There seems to have been confusion between the parties as to the mules covered by the mortgage, and the mules sought to be recovered under the writ of replevin. There was no brown *horse* mule mentioned in the mortgage. One of the brown mare mules and the bay mare mule are described in the mortgage exactly alike, except as to color and weight, and differed but 50 pounds in weight.

It is apparent that, if defendant had not executed the delivery bond, plaintiff would have taken and held, under his writ of replevin, the bay mules. It is apparent that the delivery bond was given to release from the writ the mules actually taken under the writ, and no other; for defendant had no other at the time. It is the contention of the plaintiff that the giving of this delivery bond was an admission that defendant had the brown mules, and that they were in his possession, and that he is now estopped to claim that he did not have the brown mules in his possession, and that they were not subject to the writ.

It is further contended that, in his pleading, the defendant claimed exemption only as to the property described in plaintiff's petition, to wit, the brown mules, and that he made no claim of exemption as to the bay mules; that, as no claim was made to the bay mules, the answer setting up the exemption must have had reference to the mules described in the petition.

This construction of defendant's pleading is not tolerable. At the time the answer was filed, the bay mules had been taken, and it was the bay mules that were released under the delivery bond. Plaintiff did not own the brown mules; they were not in his possession; and the evidence does not disclose that they had ever been used by the defendant, so as to bring them under the exemption statute. The answer, therefore, must have had reference to the bay mules taken under the writ, and we think it was so understood by all the parties until later in the controversy, when it was thought to hold plaintiff to a claim of exemption only as to the property described in the writ, and not as to the property actually taken. At the time the replevin writ was served, the plaintiff owned but one team of mules, and this was the team by which he habitually made his living. We will refer to this exemption statute later.

The plaintiff did not plead waiver or estoppel, and we think there is nothing in this contention.

There was evident confusion in the minds of all parties as to the description of the property sought under the writ, the property levied on under the writ, and the property released by the bond. As said before, the bond was given only to release from the writ the property actually taken under the writ, and for no other purpose. The brown mules had passed into the hands of a prior mortgagee, were not in the possession of the defendant, were not levied upon by the plaintiff under his writ, and, at the time the bond was given, the plaintiff was not holding them under his writ. The whole transaction involved in the giving of the bond had relation to the bay mules taken under the writ, and it was to release these mules from the writ that the bond was given. While some confusion has arisen out of these mis-descriptions and inattention to proper descriptions in draw-ing the papers, yet there is no confusion as to the rights of the parties involved in this suit. There is but one question here for our consideration, and that is whether or not these bay mules, taken under the writ and released by the bond, were exempt to the defendant at the time the mort-gage was given. If they were, then, under Section 2906 of the Code of 1897, the mortgage is void as to them, for this section provides that:

2. EXEMPTIONS: team: mortgage without con-currence of wife.

"No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this state, * * * shall be of any validity as to such exempt property only, unless the same be by writ-ten instrument, and unless the husband and wife, if both be living, concur in and sign the same joint instrument."

It is conceded here that the wife did not sign this mort-gage, and the undisputed evidence shows that defendant was a resident of the state, a married man, and the head of

a family at the time. The question then arises, Was the property exempt? Much testimony has been introduced, tending to show that the defendant had other property, horses and mules, at the time this mortgage was executed. He may have had. Whether he had or not is immaterial, since none of the other property was exempt, under any of the provisions of the statute. The question here is governed by Section 4008 of the Code of 1897, which provides:

"If the debtor is a resident of this state and the head of a family, he may hold exempt from execution the following property: * * * If the debtor is a * * * farmer, teamster or other laborer, a team, consisting of not more than two horses or mules * * * with the proper harness or tackle, *by the use of which he habitually earns his living.*"

It is not a question of selection. It is a question of actual exemption under the statute. Certain specific property is exempt, when certain facts exist. A team of mules is exempt when the debtor is a resident of this state, the head of a family; but the only team exempt is the one by the use of which he habitually earns his living, and no other, and any mortgage given upon a team so exempt is void, under the statute heretofore referred to. A different question might arise if the debtor had more than one team by which he habitually earned his living. The exemption is made for the benefit of the family. It rests in sound public policy. It is made to protect the family against the improvident conduct of the husband. The mortgage is, as to exempt property, of no validity, unless the wife concurs in and signs the same joint instrument. What is the evidence here? It is admitted that the plaintiff is a farmer, and a resident of this state. The proof is complete that he is the head of a family; that he has a wife and children, living together as a family. The undisputed evidence is that the bay team was purchased in 1915; that the brown mules re-

ferred to in the mortgage were not purchased until 1917; that the plaintiff has habitually used these bay mules in earning his living, ever since he purchased them. There is no evidence that he has ever used the brown mules for any purpose, or that he has used any other team for any purpose connected with the earning of his living.

The mortgage is, therefore, void as to the bay mules. The plaintiff cannot and does not waive his exemption by giving the mortgage, nor can he waive it after giving the mortgage. The exemption and the inhibition against incumbrance are made for the benefit of the family; and, unless the wife concurs in the mortgage, it has no validity as to exempt property. The law makes the exemption when the facts exist upon which the exemption rests, and the inhibition runs against the making of a mortgage on property that is exempt. We find nothing in *Grover v. Younie*, 110 Iowa 446, that runs counter to anything we have here said. The syllabus does not express the rule therein stated.

Estoppel rests on the thought that the party urging the estoppel has been prejudiced by the action of the other party who is sought to be estopped. If these bay mules are exempt under the statute, and we find they are, the plaintiff has lost nothing by surrendering them to the defendant; for he could not have held them under a void mortgage. The giving of the delivery bond neither added to nor took from the plaintiff any right that he had at the time the delivery bond was given. There is no evidence that defendant ever selected, or gave anyone reasonable ground for believing that he selected, as exempt, any other property, or any other team than the bay mules in question.

Upon the whole record, we think the court should have found for the defendant, and its action is, therefore,—*Reversed*.

LADD, C. J., WEAVER and STEVENS, JJ., concur.