IDA B. KORNER, Appellee, et al., Appellants, v. CHARLES D. MCKIRGAN et al., Appellees.

CHATTEL MORTGAGES: Sale—Mortgagee's Right to Proceeds. The sale and converting into money of incumbered chattels under agreement between the lien holder, the debtor, and a third party, under which the third party agrees to collect the proceeds and apply the same on the existing lien, create in the lien holder a right to said proceeds which is superior to garnishments of said third party by the creditors of the debtor. (See Book of Anno., Vol. 1, Sec. 10015, Anno. 125 *et seq.*; Sec. 12157, Anno. 145 *et seq.*)

Headnote 1:   28 C. J. p. 122.

Headnote 1:   L. R. A. 1915C, 169; 12 R. C. L. 849.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

OCTOBER 26, 1926.

Proceedings in garnishment under execution. The intervener claimed the fund under a landlord's lien on the debtor's property which had been sold by agreement. The facts appear in the opinion.—*Affirmed.*

*Leo C. Percival,* for appellants.

*Sam C. Smith,* for appellee.

FAVILLE, J.—Ida B. Korner, deceased, obtained judgment against Charles D. McKirgan. The appellants are the husband and the adult daughter of said Ida B. Korner, and are her sole

heirs at law. The appellants procured an execution to issue on said judgment, and levy of the same was made by garnishment of Anderson. Charles D. McKirgan was the tenant upon the farm of his father, the intervener, A. R. McKirgan. There were two chattel mortgages upon the personal property of the said Charles, and the said personal property was subject to a landlord's lien for rent due the intervener, A. R. McKirgan. Charles D. McKirgan and A. R. McKirgan entered into an oral agreement which provided that the said Charles should hold a public sale on said farm, and that the proceeds of said sale should be held by the clerk, Anderson, and used to pay off the mortgages upon said personal property first; that the said Charles was to receive therefrom an amount necessary to move him to the town of Indianola, being about $30; and that the remainder of the proceeds of said sale should be turned over by said Anderson to A. R. McKirgan, to apply upon the rent due to him. This agreement was communicated to Anderson prior to the said sale. Anderson was garnished after the sale, and before the money in his hands had been paid by him to A. R. McKirgan.

I. There is no dispute in the record with regard to the arrangement between the father and the son respecting the sale of the property, and that the proceeds, after the satisfaction of the two outstanding mortgages and the amount to be paid the son to move into Indianola, were to be paid by the clerk of the sale to the father, to apply on his landlord's lien on said property. That such an arrangement is valid and will be upheld, and that the clerk of the sale holds the said funds as trustee for the use and benefit of the lien holder, under such an arrangement, and that said funds in the hands of the clerk are not subject to garnishment at the instance of the creditors of the debtor, has been expressly held by us, under a similar state of facts. *Hoyt v. Clemans,* 167 Iowa. 330. See, also, *Bergman & McKinley v. Guthrie,* 89 Iowa 290; *Barrett v. Martzahn,* 186 Iowa 548; *Bank of Hinton v. Swan,* 156 Iowa 715; *Minneapolis Threshing Mach. Co. v. Calhoun,* 37 S. D. 542 (159 N. W. 127).

II. Appellee A. R. McKirgan, on his cross-appeal, is not entitled, in any event, to the $30 which, under the agreement between himself and his son, was to be turned over to the latter for the purpose of enabling him to move to Indianola. The son has not appealed, and does not contest the right of the appel-

lants to hold this sum. This disposes of all the questions necessary to a determination of this appeal. The order of the district court was correct, and it is in all respects affirmed.—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.