NATIONAL BANK OF EMMETSBURG et al., Appellants, v. THOMAS CHAPMAN et al., Appellees.

No. 40112.

January 13, 1931.

Rehearing Denied May 6, 1931.

Arthur W. Smith, for appellant.

Dwight G. McCarty and Wm. J. Fisher, for appellees.

Albert, J.—Plaintiff's chattel mortgage was dated April 25, 1924, and covered certain personal property. It was given to secure a note of $2,079.00 of even date therewith. This mortgage was never recorded. On November 3, 1928, Thomas Chapman gave to his brother, D. B. Chapman, a bill of sale of the personal property involved herein in settlement of all indebtedness then owing by Thomas to D. B. Chapman. The original notice in the foreclosure was served on the 15th day of October, 1928, and the petition filed October 25, 1928. Decree of foreclosure was entered against Thomas Chapman on November 7, 1928.

The evidence shows that the two Chapmans were brothers and from time to time, over a long series of years, D. B. loaned various sums of money to Thomas to aid him in his farming activities. Thomas Chapman was married and the head of a family at all times involved herein. He was a tenant farmer, and much of the property covered by the plaintiff's mortgage was disposed of, but the mortgage also covered after-acquired property. Generally, the property described was horses, mules, cattle and hogs, together with farm machinery and some grain.

Many interesting legal questions are discussed, but as we view the case, there is one question that is controlling and

decisive. It appears without controversy that Thomas Chapman was the head of a family and engaged in the occupation of farming during all of these years; that with minor exceptions, which will be hereafter referred to, all of his property was exempt under the statute. It further appears that plaintiff's mortgage on which it bases its action, was made by Thomas Chapman and was not joined in or signed by his wife. Section 10013, Code, 1927, reads as follows:

"No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this state, shall be of any validity as to such exempt property only, unless the same be by written instrument, and unless the husband and wife, if both be living, concur in and sign the same joint instrument. Incumbrances on the property sold, given to secure the purchase price, need only be signed and acknowledged by the purchaser."

In the case of Augustine v. Gold, 188 Iowa 551, we had this statute under consideration and there held that, under these circumstances, such a mortgage was void. We said:

"The plaintiff cannot and does not waive his exemption by giving the mortgage, nor can he waive it after giving the mortgage. The exemption and the inhibition against incumbrance are made for the benefit of the family; and, unless the wife concurs in the mortgage, it has no validity as to exempt property. The law makes the exemption when the facts exist upon which the exemption rests, and the inhibition runs against the making of a mortgage on property that is exempt."

This being the recognized doctrine in this State, the status of the plaintiff is that it is attempting to assert rights as against D. B. Chapman, under a chattel mortgage, which, by virtue of statute, is void. This being so, the plaintiff must fail in its contention, and D. B. Chapman, under his bill of sale, is entitled to priority as to the exempt property.

So far what has been said has wholly to do with the exempt personal property. The lower court rightfully found that there was one bay mare, one gray mare and three sets of harness which were not exempt. What are the rights of the plaintiff therefore as to this nonexempt property? As stated, the plain-

tiff's chattel mortgage was never recorded, although made in the year 1924, and D. B. Chapman took a bill of sale covering this property on November 3, 1928. Much argument is devoted to the question of whether or not he had knowledge of the existence of this chattel mortgage of the plaintiff's. As we view the question, whether or not he had such knowledge is wholly immaterial, for the evidence shows that there was no present consideration for said bill of sale; that in fact the consideration therefor was pre-existing indebtedness due from Thomas to D. B. Chapman. We have settled the question in this State that under the circumstances, D. B. Chapman was not a subsequent purchaser within the meaning of Section 10015, Code, 1927. See Chariton & Lucas County National Bank v. Taylor, 210 Iowa 1153, and cases there cited.

It must follow necessarily that D. B. Chapman's rights as to this nonexempt property are junior and inferior to the rights of the bank under its mortgage. The decree entered in the lower court should have so held, and since it failed to do so, its judgment will be modified accordingly; otherwise affirmed.—Modified and Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, KINDIG, WAGNER and GRIMM, JJ., concur.

MORLING, J., not participating.