JASPER COUNTY SAVINGS BANK, Appellant, v. ELMER F. KLAUENBERG et al., Defendants.

FIRST NATIONAL BANK, Newton, LOUIS RADER, Assignee, Appellant, v. ELMER F. KLAUENBERG et al., Defendants.

No. 42348.

JUNE 23, 1934.

Cross & Hamill, for plaintiffs, appellants.

Cunningham, Brierly & Carr, for garnishee and appellee.

Henry Silwold, for intervenor, appellee F. L. Klauenberg.

Donnelly, Lynch, Anderson & Lynch, for agent, intervenor and appellee O. M. Bundy.

No appearance for defendants Elmer F. Klauenberg, Dorothy Klauenberg, and Val Rader.

EVANS, J.—The personnel involved in the case comprises F. L. Klauenberg, Elmer Klauenberg, O. M. Bundy, and the garnishing bank; Jasper County Savings Bank. The Klauenbergs are father and son,—F. L. and E. F. The son, E. F., was a farm tenant of O. M. Bundy and was debtor to Bundy for several thousand dollars. He was also debtor and mortgagor to his father for approximately $5,000. The father held a senior chattel mortgage on all his property. Bundy likewise held a lien thereon. There is no controversy between these two lienholders. In the early part of the year 1933, E. F. Klauenberg advised both his father and Bundy that he proposed to quit farming. He proposed a liquidation of his mortgage debts by public sale of the mortgaged property. This arrangement was assented to by both lienholders. The understanding was, in substance, that a public sale should be held and that the proceeds thereof should be turned over to the lienholders in the order of their liens. The Savings Bank of Baxter was agreed on as the clerk of the sale. The sale was held, and the proceeds thereof were all paid into the hands of the Savings Bank of Baxter. On the evening of the day of the sale, the plaintiff garnished the Savings Bank of Baxter under execution. Later, another judgment creditor likewise garnished the same garnishee. The two proceedings were tried together, and we have no occasion to give separate discussion to the second garnishment.

In the garnishment proceeding it was the contention of the garnishors that the mortgagees had a lien on the mortgaged property and nothing more; that such lien did not attach to the proceeds

of sale; that neither the debtor nor the garnishee became the agent of the mortgagees; and that therefore they could not assert any claim to the proceeds of sale. The trial court held that the arrangement between the mortgagor and the mortgagees was valid and enforceable in equity; that pursuant to the agreement between them equity will impress a trust upon the funds. The holding of the trial court was in full accord with our cases on the subject. Our cases in large number are cited in the briefs in support of the court's holding. The appellant argues a deficiency of specific evidence in support of the theory of trust. It is claimed that there was no specific evidence that the bank was to be a trustee; and none that the mortgagor was to be an agent. Specific evidence of that character is not essential to the determination of the equitable rights of the parties. The parties themselves did not necessarily know the technique of the equitable rights they were creating by their contract. They did mutually understand that the sale was to be had for the very purpose of applying the proceeds upon the mortgage debts. In such a case equity impresses the trust. If an agency is essential to the logic of the case, equity will declare a constructive agency.

The following are only a few of our cases which may be cited in support of the foregoing: Bergman v. Guthrie, 89 Iowa 290, 56 N. W. 502; Hoyt v. Clemans, 167 Iowa 330, 149 N. W. 442, L. R. A. 1915C, 166; Hamm Brewing Co. v. Flagstad, 182 Iowa 826, 166 N. W. 289; Korner v. McKirgan, 202 Iowa 515, 210 N. W. 562. From the Korner case here cited, we quote the following:

"There is no dispute in the record with regard to the arrangement between the father and son respecting the sale of the property, and that the proceeds after the satisfaction of the two outstanding mortgages and the amount to be paid the son to move into Indianola were to be paid by the clerk of the sale to the father, to apply on his landlord's lien on said property. That such an arrangement is valid, and will be upheld, and that the clerk of the sale holds the said funds as trustee for the use and benefit of the lienholder under such an arrangement, and that said funds in the hands of the clerk are not subject to garnishment at the instance of the creditors of the debtor, has been expressly held by us under a similar state of facts."

From the opinion in Hamm Brewing Co. v. Flagstad, above cited, we quote the following:

"That equity will impress a trust upon the proceeds in such a case as against the mortgagor and as against a disinterested depositary is beyond question. Barnes v. Thuet Bros., 116 Iowa 359, 89 N. W. 1085; Hoyt v. Clemans, 167 Iowa 330, 149 N. W. 442, L. R. A. 1915C, 166. We are not unmindful, however, that this suit is pending upon the law side of the court. The question naturally arises whether we are thereby precluded from applying equitable principles to the controversy. The real question that concerns the plaintiff as a garnishing creditor is whether the garnishee is indebted to Flagstad. If the intervenor has shown that it itself has a right of action for the funds in the garnishee's hands, either at law or in equity, it is sufficient to protect the garnishee against liability to the plaintiff as a garnishor. We think, therefore, that it is not material to the determination of the intervenor's rights whether the garnishment proceeding be heard at law or in equity. Ordinarily, if not necessarily, a garnishment proceeding belongs to the law side of the court. It does not follow that the equitable rights of third parties may be ignored in determining the liability of a garnishee in such proceeding. * * * No innocent third party having acquired an intervening right, there is nothing to interfere with an adjustment of the mutual rights of Cooper and Flagstad in strict accord with their agreement."

It is suggested by the appellant that the proceeding here is at law, and that the appellees cannot therefore enforce equitable rights therein. The foregoing quotation from the Hamm Brewing Co. case answers that contention. We need not burden this record with the citation of further authorities. There is no conflict in our cases on the subject.

The judgment below is accordingly affirmed.

All Justices concur.