A. F. STEGEMANN, Appellee, v. FRED BENDIXEN et al., Appellants.

No. 42728.

APRIL 2, 1935.

E. A. Norelius, for appellants.

Powers & Gilchrist, for appellee.

KINTZINGER, J.—Plaintiff, appellee, leased a farm to the defendant John M. Bendixen, appellant, for a period of five years beginning March 1, 1929, at a cash rental of $2,200 per year. On the first day of March, 1933, the defendant was $3,000 behind on his rent.

The defendant claims that during the summer of 1933 plaintiff agreed to reduce the rent for the year beginning March 1, 1933, from $8 to $5 an acre, or $1,400. The plaintiff denies making any such agreement, but admits telling the defendant that if he would then pay $2,000 in settlement of the past-due rent, he would reduce the rent to $1,400 for the ensuing year.

Shortly prior to March 1, 1934, the defendant-tenant advertised all personal property and grain on the farm for sale. At that time the defendant John M. Bendixen was also indebted to the Farmers

State Bank for over $2,000, which was secured by a chattel mortgage on all personal property, except the crops grown on the leased land. He made arrangements with the bank to act as clerk of the sale. Appellee notified the bank that he had a landlord's lien against the crops grown on the land for the last year, and insisted upon having the proceeds of the sale of the crops applied upon the rent for the last year if the sale took place. This was agreed to by the bank. Appellee also claims that the defendant impliedly agreed and consented thereto.

Thereupon the property was sold, and, after paying the amount due the bank on the chattel mortgage, and the cost of conducting the sale, there was a balance of $975.76 left in the hands of the bank. .Of this amount the defendant John M. Bendixen directed the bank to issue a cashier's check payable to the appellee for $258.24 to pay the amount which appellant considered was the balance due on the rent of 1933. Appellee refused to accept this amount, claiming there was a balance of $1,058.24 due for that year. After deducting $258.24 from the balance held by the bank, there was left in its hands the sum of $717.52. He made a written assignment of this balance to his father, the defendant Fred Bendixen. The funds, however, were retained by the bank, and the appellee-landlord seeks to impress a trust thereon for the balance due on the rent of 1933. Appellant urges as a defense to this action; (1) that the rent of 1933 had been reduced to $1,400 and was all paid; and (2) that he never agreed to have the balance of rent for 1933 paid from the proceeds of the sale.

I. Appellant contends that during the summer of 1933 the appellee agreed to reduce the rent of the last year to $5 an acre, or $1,400. The record shows that payments aggregating $1,141.76 were made to apply on the rent of that year, and appellant contends that by applying such payments on the rents as claimed to have been reduced there would be left a balance of only $258.24 due on the last year's rent. He directed the bank to pay such amount to appellee out of the proceeds of the sale, and issue its cashier's check in favor of appellee therefor.

There is a conflict in the evidence as to the making of an agreement for a reduction of rents. Appellee contends that no such agreement was made, but claims that some time in March, 1933, he had a conversation with appellant in which he said that if appellant would pay $2,000 in settlement of the rent due on March 1, 1933, he would

reduce the rent of 1933 to $1,400. Such a proposition was not accepted by appellant, and no part of the rent due prior to March 1, 1933, was ever paid. Appellee therefore contends that the rent remained at $2,200 per year, as provided in the original lease. He admits receiving $1,141.76 thereon in the fall of 1933, and claims there is still a balance of $1,058.24 due for that year. The lower court found that no agreement for a reduction of the rents for the last year was entered into, and that there was a balance of $1,058.24 due appellee for that year. We have carefully considered the evidence in relation thereto and are forced to the conclusion that appellant has failed to establish the making of any such agreement. The lower court so found, and we are satisfied that its ruling on this branch of the case was right.

II. Appellant also contends that no trust can be impressed upon the proceeds of the sale, because a landlord's lien does not follow the money received from a sale of the property. It is true, the general rule is that in the absence of an agreement or understanding with the tenant to the contrary, the landlord's lien does not follow the proceeds of a sale of personal property. This rule has been so well settled by our cases that a further consideration of the reasons therefor is deemed unnecessary. As supporting this rule, see Burnett v. Gustafson, 54 Iowa 86, 6 N. W. 132, 37 Am. Rep. 190; Waters v. Cass County Bank, 65 Iowa 234, 21 N. W. 582; Nordby v. Clough, 79 Iowa 428, 44 N. W. 697; Harlan v. Ash, 84 Iowa 38, 50 N. W. 41; Smith v. Crawford County State Bank, 99 Iowa 282, 61 N. W. 378, 68 N. W. 690; Smith v. Clark, 100 Iowa 605, 69 N. W. 1011; Farmer, Thompson & Helsell v. Bank, 130 Iowa 469, 107 N. W. 170; Hove v. Stanhope State Bank, 138 Iowa 39, 115 N. W. 476; Casady & Co. v. German Savings Bank, 159 Iowa 149, 140 N. W. 401; Hoyt v. Clemans, 167 Iowa 330, 149 N. W. 442, L. R. A. 1915C, 166; First National Bank of Grand Meadow v. Security Trust & Savings Bank of Charles City, 191 Iowa 842, 181 N. W. 402; Langan v. Farmers State Bank of Vail, 195 Iowa 1108, 192 N. W. 832. The majority of these cases relate to chattel mortgage liens. In all of them, however, there was no understanding or agreement between the mortgagor and lienholder that the proceeds of the sale be held for the protection of the lien.

Likewise the rule is equally well established that where the encumbered property is sold by the mortgagor or tenant with the consent or understanding of both parties that the proceeds be ap-

plied towards the payment of the lien, equity will impress a trust upon the proceeds of the sale. Jasper County Savings Bank v. Klauenberg, 218 Iowa 578, 255 N. W. 884; Scurry v. Quaker Oats Co., 201 Iowa 1171, 208 N. W. 860; Hamm Brewing Co. v. Flagstad, 182 Iowa 826, loc. cit. 832, 166 N. W. 289; Hoyt v. Clemans, supra; Korner v. McKirgan, 202 Iowa 515, 210 N. W. 562; Bergman v. Guthrie, 89 Iowa 290, 56 N. W. 502.

In Jasper County Savings Bank v. Klauenberg, supra, this court said:

"* * * It was the contention of the garnishers that the mortgagees had a lien on the mortgaged property and nothing more; that such lien did not attach to the proceeds of sale; that neither the debtor nor the garnishee became the agent of the mortgagees; and that therefore they could not assert any claim to the proceeds of sale. The trial court held that the arrangement between the mortgagor and the mortgagees was valid and enforceable in equity; that pursuant to the agreement between them equity will impress a trust upon the funds. The holding of the trial court was in full accord with our cases on the subject."

It is therefore the settled law that where a person has a lien upon personal property, which is sold with an understanding between the owner and the person holding the lien, that the proceeds of the sale be applied toward the payment of the lien, equity will impress a trust upon such proceeds. We have carefully considered the evidence upon this branch of the case, and are satisfied that prior to the time of the sale there was an understanding between the landlord, the tenant, and the bank, as agent of the tenant, that the landlord be paid the balance of his rent for 1933 out of the proceeds of the sale of the personal property. The defendant John Bendixen testified:

"I intended that there should be deducted from the sale enough to pay Mr. Stegemann his 1933 rent."

Of course, when giving this testimony, he said he understood that the balance of the rent was about $258. In the preceding division of this opinion, however, we find that the balance due upon the rent of 1933 was $1,058.24. Appellant's understanding as to the balance due was not correct. That it was the intention of the tenant to pay the balance of the landlord's rent out of the

proceeds of the sale is further indicated by the fact that he directed the bank to pay this amount to appellee and directed a cashier's check issue for the balance he understood was due the landlord.

The bank was instructed by appellee that the balance of the rent for 1933 must be paid from the proceeds of the sale. The appellant "intended" to have the landlord paid the balance due on the rent of 1933 from the proceeds of the sale. He also instructed the bank to pay such balance out of the proceeds of the sale, and actually directed the bank to issue a cashier's check for what he thought was due. There may have been a misunderstanding by appellant as to the amount he thought was due, but there was no misunderstanding about the fact that the balance of the rent for 1933 was to be paid out of the proceeds of the sale. All the circumstances under which this sale was made clearly indicate that it was the understanding on the part of all parties interested that the landlord be paid the balance of the 1933 rent out of the proceeds of the sale.

Several days after the sale the defendant John Bendixen made an assignment to his father, Fred Bendixen, of some $717 of the proceeds of the sale. This assignment was made in payment of a pre-existing debt. Such assignment, however, transferred no greater interest than was held by the assignor. At the time of the assignment, the equitable title to the funds was in appellee, and his claim thereto is superior to that of the assignee. Chariton & Lucas County Nat. Bank v. Taylor, 210 Iowa 1153, 232 N. W. 487; National Bank v. Chapman, 212 Iowa 561, 234 N. W. 198; Phelps v. Fockler, 61 Iowa 340, 14 N. W. 729, 16 N. W. 210; Martin v. Fritz, 194 Iowa 740, 190 N. W. 514; Smith v. Moore, 112 Iowa 60, 83 N. W. 813.

It is our conclusion that the balance of all moneys held by the bank and received from the proceeds of the sale is impressed with an equitable trust in favor of appellee. Such was the holding of the lower court, and we find no error therein. The judgment is therefore hereby affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, PARSONS, RICHARDS, and HAMILTON, JJ., concur.

POWERS, J., took no part.