| 86 703|
|s94 555|
| 86 703|
|104 236|

## T. A. Thompson, Appellant, v. A. A. Anderson, Appellee.

1. **Pleading**: GENERAL DENIAL: EVIDENCE. Where in an action by a landlord against a purchaser from his tenant for the conversion of certain property upon which he claimed a landlord's lien, the plaintiff alleged in his petition that said property was owned and used by his tenant upon the leased premises, *held*, that under a general denial the defendant might prove that said property. was kept for barter and sale only, and that an instruction to the jury as to the effect of such evidence was within the issue made by the pleadings.

2. **Practice in Supreme Court**: RECORD. Where the original abstract of the appellant does not purport to contain all the evidence, but such claim is made in an amended abstract, and the latter is not denied, it will be presumed that the record thus made contains all the evidence.

3. **Instructions to Jury**: EVIDENCE. An instruction to the jury which is not applicable to the case presented by the evidence, and which is prejudicial to either party, is ground for reversal.

4. **Landlord's Lien**: STOCK KEPT FOR SALE: RIGHTS OF PURCHASERS BEFORE ENFORCEMENT OF LIEN. Under section 2017 of the Code giving a landlord a lien upon all personal property of the tenant, not exempt from execution, which has been used upon the demised premises during the term, a lessor of farm lands has a lien upon all stock used upon the premises for the purpose of being fed and improved in the usual way of stock raising, and also upon stock kept for sale only, if the premises were leased for such purpose; but in the latter case the lien is subject to the rights of purchasers before action is brought for the enforcement of the lien.

5. **Conversion**: EVIDENCE: INSTRUCTIONS. Where in an action for damages for the conversion of mortgaged property by a purchaser from the mortgagor, the evidence showed that the plaintiff's mortgage was junior to a mortgage held by a third person not a party to the suit, and that the value of the property was less than the amount due under the prior lien, *held*, that the court properly instructed the jury that the plaintiff had failed to show that he had sustained any damage by reason of the conversion of said property.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 25, 1892.

ACTION in two counts to recover damages for an alleged wrongful conversion of seventeen head of cattle and fifty-eight head of hogs. The plaintiff alleges in the first count that he had a landlord's lien upon said property for rents due to him from N. H. Jacobs, and that the defendant purchased the cattle and hogs from Jacobs, and has converted them to his own use, and refuses to account therefor. He alleges in the second count that he held a chattel mortgage from Jacobs on said cattle and hogs, and that the defendant unlawfully converted them to his own use, as aforesaid. The defendant answered, denying generally. The case was tried to a jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*Sweeley & Galpin* and *F. H. Helsell*, for appellant.

*T. H. Chapman* and *C. A. Irwin*, for appellee.

GIVEN, J.—I. The appellant assigns as error the giving of the following in the seventh paragraph of the court's charge:

"As to third persons buying property from a tenant, which was kept upon leased premises, the landlord's lien would only attach to such property as was owned and used by the tenant on the leased premises. As against third persons the landlord's lien will not attach to personal property owned and kept only upon the premises for the purpose of barter and sale in the tenant's regular course of business, and not used by him upon the demised premises."

1. PLEADING: general denial: evidence.

The appellant contends that there was neither issue nor evidence to justify the giving of this instruction, and for these reasons it was misleading and prejudicial. The plaintiff alleged that the cattle and hogs were owned and used by his tenant, N. H. Jacobs, on

the leased premises, which allegation was denied, thereby putting in issue the allegation that the cattle and hogs were used on the leased premises. Under a familiar rule the defendant might prove any fact under his general denial that would negative the plaintiff's allegation. To have proven that the cattle and hogs were kept for barter and sale only would negative the allegation that they were kept for use; therefore the instruction was justified so far as the issues are concerned.

II. The appellee contends that the appellant does not state in his abstract that it is an abstract of all the evidence. The appellant filed an amended abstract, in which he so states; and, as this is not denied, we must conclude we have an abstract of all the evidence.

2. PRACTICE in supreme court: record.

III. The only evidence tending to show the purpose for which the cattle and hogs were kept upon the leased premises is that of the tenant, N. H. Jacobs. This shows that he "kept and used" them on the leased premises. There is no evidence whatever that they were kept for the purpose of barter and sale, except that the tenant did sell them to the appellee. The testimony of Jacobs that he kept them for use stands uncontradicted, and, so far as appears, these cattle and hogs were kept and used by Jacobs on the leased premises for the purpose of feeding and improving them in the way usual to stock raisers. The evidence that the cattle and hogs were kept for use being uncontradicted, and there being no evidence that they were kept for barter and sale, that part of the instruction quoted above was not applicable to the case and certainly prejudicial to the appellant. This court has repeatedly held that the giving of an instruction not applicable to the case and prejudicial to either party is ground for reversal, even though the law be correctly stated.

3. INSTRUCTIONS to jury: evidence.

IV. The appellant further contends that said instruction is not a correct statement of the law. Code, section 2017, provides as follows: "A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used upon the premises during the term, and not exempt from execution." The lien is upon "any other personal property of the tenant which has been used upon the premises." Question will frequently arise as to whether or not particular personal property has been used upon the premises within the meaning of this statute. The evident purpose of the statute is to give to the landlord a lien upon all crops grown upon his premises and upon all other personal property of the tenant not exempt from execution, to the maintenance or improvement of which the use of his premises has contributed, as well as upon the work, animals, tools, and machinery with which the premises, when farm lands, have been cultivated. The reason upon which this lien is grounded is that the use of the landlord's premises has contributed to the production, improvement, or maintenance of the property upon which the lien attaches. In this state agricultural lands are used for raising crops and for raising or improving stock, and sometimes for keeping stock for sale. In either case, the stock is fed in whole or in part upon the pastures or other products of the farm. That the lien attaches to crops and to stock raised or kept for improvement upon the premises will not be questioned, but the query is whether or not, when a tenant brings stock upon the leased premises to be kept for sale, and not for improvement, the landlord has a lien thereon. In *Grant v. Whitwell*, 9 Iowa, 152, it is said: "Not only farms and agricultural lands are within the statute, but houses and store-rooms in towns

*[margin note: 4. LANDLORD'S lien: stock kept for sale: rights of purchasers before enforcement of lien.]*

and cities." The same rules must apply, whatever may be the purpose for which the premises are leased. It is further held in that case that the landlord has a lien upon property kept upon the premises for the purpose of sale to customers, although not used thereon for any other purpose. In *Garner v. Cutting*, 32 Iowa, 547, it is held that the lien attaches upon all personal property kept by the tenant upon the leased premises in the prosecution of the business for which the tenancy was created, and in *Grant v. Whitwell, supra*, that the lien attaches only to property used and incident to the business for the prosecution of which the premises were leased. This court has uniformly held that the landlord has a lien upon a stock of merchandise kept for sale on premises leased from him for that purpose, upon the theory that the goods so kept were used upon the premises within the meaning of the statute. Applying the same rule where the premises are leased in whole or in part for the purpose of selling stock, and stock is kept thereon for sale, the lien attaches; but, if the sale of stock is not incident to the business for the prosecution of which the premises were leased, the lien does not attach. If the stock, though kept for sale, is also kept for the purpose of improving the same in the usual way of stock raising, then they are used upon the farm, and subject to a lien. In *Nesbitt v. Bartlett*, 14 Iowa, 485, it is held that the lien does not attach to goods sold before the lien is enforced, when selling goods was the business for which the premises, under the lease, were used. The rule applies to third persons purchasing from the tenant in the usual course of business.

Applying these rules, if the cattle and hogs in question were used upon the premises for the purpose of being fed and improved in the usual way of stock raising, the lien attached, or, if kept for sale only, and not for improvement, and the premises were leased, in

whole or in part, for that purpose, then the lien attached, subject to the rights of purchasers. If the premises were leased for the purpose of keeping cattle and hogs for sale, and the cattle and hogs in question were kept for that purpose only, and were sold in the ordinary course of business before any action to enforce the lien was brought, the lien did not attach as against the purchaser. The instruction under consideration is objectionable, in that it does not fully state the law, and as, for reasons already stated, the judgment of the district court must be reversed, we have considered this last objection to the instruction, as the same question may arise upon a retrial.

V. The evidence in support of the second count of the plaintiff's petition shows that his mortgage was 5. CONVERSION: subject to one held by L. E. Hay upon the evidence: instructions. same property to secure two thousand, five hundred and thirty-four dollars and fifty cents. There was no evidence that any payment had been made upon the mortgage to Hay, and the undisputed evidence shows that the value of the property is less than the amount secured thereby to Hay. Upon these facts the court instructed that the plaintiff, as mortgagee, had failed to show that he sustained any damage by reason of any sale or conversion of the property covered by his mortgage. The appellant complains of this instruction. We think the instruction was called for by the uncontroverted evidence.

As the other questions made by the appellant will not arise upon a retrial, they need not be considered. For the reasons already stated, the judgment of the district court must be REVERSED.