Argued April 20; decided May 1, 1897.

## BRODERS v. BOHANNON.

(48 Pac. 692.)

Landlord and Tenant—Chattel Mortgage on Crop—Farm Lease.—Under a lease stipulating that the crops raised on the demised premises shall be and remain the property of the landlord till the rent is fully paid, the title to the crops does not vest in the tenant till he has paid the rent *(Fox* v. *McKinney,* 9 Or. 493, approved and followed), and the effect of such a provision is not to make the instrument a mortgage which must be filed to give it validity against subsequent mortgagees and purchasers in good faith.  Under such circumstances, a chattel mortgage on the growing crops does not take precedence over the landlord's claim for rent, though the lease be unrecorded.

From Linn:  H. H. Hewitt, Judge.

Action by H. Broders against J. C. Bohannon and others to foreclose a chattel mortgage.  From a decree in favor of defendants, plaintiff appeals.

Affirmed.

For appellant there was a brief over the name of *Weatherford & Wyatt,* with an oral argument by *Mr. James K. Weatherford.*

For respondents there was a brief over the name of

*Blackburn & Somers,* with an oral argument by *Mr. John M. Somers.*

Opinion by MR. JUSTICE BEAN.

This controversy arises out of the following facts: In November, 1892, the defendant Bohannon leased a certain farm in Linn County for the term of two years, at a rental of $1,200, payable one-half on or before October 1, 1893, and the remainder on or before October 1, 1894. By the terms of the lease under which he held, it was stipulated "that all crops, of whatsoever nature, raised on said premises each year should remain and be the property of the party of the first part (landlord) until the rents, as above specified, are fully paid to the said first party." In September, 1893, and while Bohannon was in possession of the property, the plaintiff, Broders, without knowledge of the stipulations contained in the lease, loaned him the sum of $438.85, and as security therefor took a chattel mortgage on all the grain of every kind then sown and growing on the leased premises, as well as that to be sown thereon during the current and ensuing year. Bohannon farmed the land during the year 1894, but failed to pay either the rent due under the lease for that year, or his indebtedness to plaintiff, and the single question to be decided in this case is whether the mortgage takes precedence over the landlord's claim for rent. The contention for the mortgagee is that the effect of the stipulation in the lease that the crops raised on the premises should remain and be the property of the landlord until the rent should be fully paid is to make that instrument a mortgage in his favor to secure the payment of the rent, and as such it is void as to subsequent mortgagees and purchasers in good faith, because not recorded. The question was decided adverse-

ly to plaintiff's contention in *Fox* v. *McKinney*, 9 Or. 493. In that case a similar provision in the lease was before the court for construction, and it was held that under it the title to the crop did not vest in the tenant until the payment of the rent, and, this being so, it necessarily follows that he could not, prior to that time, encumber it by mortgage or otherwise so as to interfere with the landlord's rights under the lease. So far as we can see, there is no substantial difference between the provisions of the lease in the case at bar and in the one referred to, which must therefore control and govern in the determination of the question presented by this appeal. It follows that the decree of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Mr. Justice WOLVERTON took no part in this decision.