S. S. DILENBECK, Appellee, v. SECURITY SAVINGS BANK et al., Appellants.

**TRIAL: Dismissal in Lieu of Transfer.** Bringing action in equity
1   when it ought to have been at law must be reached by motion
to transfer to the proper calendar,—not by motion to dismiss.

**LANDLORD AND TENANT: Priority of Lien on Crops and Increase**
2   **of Stock.** A landlord's lien on *crops* grown upon the demised
premises, and on the *increase* of stock after the stock is taken
upon the said premises, is superior to a chattel mortgage exe-
cuted prior to the commencement of the rent term.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

DECEMBER 14, 1918.

REHEARING DENIED MAY 21, 1919.

ACTION by plaintiff, who claims a landlord's lien on property, to enjoin the defendant, who holds chattel mortgage thereon, from foreclosing the same. On hearing, the court decreed that the chattel mortgage was superior to the landlord's lien as to all property covered by it and in existence prior to the tenant's taking possession under the lease, and that the landlord's lien on all increase of the property described in the mortgage, upon crops growing on the leased premises, and property acquired after the tenant had taken possession, was superior to the lien of the mortgage. The defendant bank appeals.—*Affirmed.*

*S. Trevarthen* and *D. C. Waggoner,* for appellant.

*Dugan & Dugan,* for appellee.

LADD, J.—I. On the 11th day of August, 1911, the plaintiff, Dilenbeck, leased to Charles Morgan three quarter sections of land in Ida and Sac Counties for a term of five years, beginning March 1, 1912, at the cash rental of

$2,640 per year, one half to be paid October 1st, and the other half February 1st of each year of the term. The lease provides for attorney's fees, and that, "in addition to the lien given him (Dilenbeck) by law, a lien upon all the personal property owned by said second party (Morgan) during the term of this lease, whether said property is exempt from execution or not, and sell the same or any part thereof in satisfaction of the rent herein agreed to be paid." On December 28, 1911, said Morgan executed his note for $5,000 to the Citizens State Bank of Perry, payable one year from date, with interest at 8 per cent per annum, and with his wife executed a mortgage on horses, cattle, vehicles, and machinery, and "twenty-eight and one-half tons of hay, twelve hundred bushels of corn, and all crops grown on" the land during the year 1912. The mortgage also contained the following clause:

"This mortgage is given with the understanding that it includes and covers all personal property that we own, also all future increase of and acquisition thereto the above-described property until the debts secured hereby are fully paid."

This mortgage also secured the payment of a small note, which has since been paid.

In July, 1913, Morgan released from the terms of his lease one quarter section of land after March 1, 1914, and this effected a decrease of $880 rent per annum.

The mortgagee, Citizens State Bank, was dissolved and succeeded by the Security Savings Bank, which acquired the note and mortgage, and, early in 1916, began the foreclosure of said mortgage through the sheriff of Sac County.

On May 27, 1916, plaintiff filed his petition in the district court of Sac County, alleging the commencement of said foreclosure proceedings out of court, and that his lien

as landlord under said lease on property on
1. TRIAL: dis-    which foreclosure is sought, is superior to
missal in lieu
of transfer.    · that of the defendant bank: and prayed
judgment for the amount owed on the said
note; that his lien as landlord be established as superior
to that of the defendant bank; that a receiver be appoint-
ed to take charge of said property; that said bank and
sheriff be enjoined from proceeding with the foreclosure of
said mortgage; and that a temporary restraining order be
issued against defendants. Thereupon, the Security Sav-
ings Bank moved that the petition and proceedings be dis-
missed, on the ground, in substance, that the plaintiff had
a plain, adequate, and speedy remedy at law; that no issue
was pending calling for the appointment of a receiver; and
that a landlord's lien can only be enforced at law. This mo-
tion was overruled, and rightly so. The design of plaintiff,
in filing his petition, was to transfer the foreclosure to the
district court, under Code Section 4283; and whether his
petition was in equity does not appear, unless it be from
the prayer. A motion to dismiss was not the remedy to
be applied. Section 3432 of the Code provides that:

"An error of the plaintiff as to the kind of proceed-
ings adopted shall not cause the abatement or dismissal of
the action, but merely a change into the proper proceed-
ings, and a transfer to the proper docket."

This section, by its very terms, obviates the dismissal
because of the error in procedure. The remedy, if any, was
by motion to transfer to the equity side of the docket (Sec-
tion 3434 of the Code), and the defendant, not having avail-
ed himself thereof, was deemed to have waived the objection
because of the suit's being in equity.

II. On January 2, 1917, the defendant bank filed an-
swer, in which it alleged that the lease of plaintiff to Mor-
gan did not become "operative and take effect until the
first day of March, 1912, and that plaintiff acquired no lien

thereunder as against any property of defendant Morgan until the first day of March, 1912;" and that Morgan did not move his property on the demised premises until January 26, 1912. As the court decreed that the mortgage constituted a first lien on all the mortgaged property, it necessarily held that the lease did not become operative as a lien on such property until after the tenant had removed the property covered by the mortgage upon the demised premises. Of this ruling, the mortgagee cannot be heard to complain.

The court also decreed that the landlord's lien under the lease attached and was superior to that of the mortgage on all property acquired by the tenant after taking possession of the demised premises and

2. LANDLORD AND TENANT: priority of lien on crops and increase of stock.

brought thereon, and on all increase of the stock and the crops to be grown thereon, as well.

Section 2992 of the Code provides that:

"A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and not exempt from execution."

This statute was enacted to secure to the landowner payment of the rent accruing, and also to protect the tenant in enabling him to make use of the profits derived from his lease in the satisfaction of the rent due, and enable him to continue in the enjoyment of the premises during the term. The landlord may not be deprived of the benefits of this statute by the contract of the tenant with a third person. Under the law, a mortgage on crops to be grown does not attach until the crop is planted, nor does it attach to the increase until it comes into existence; and it is manifest that the tenant cannot, by a contract with a third person, deprive the landlord of the lien expressly

created by statute on crops to be grown or the increase to come into existence subsequent to the tenant's taking possession of the leased premises. If there were no other reason for so holding, sufficient reason could be found in the fact that the increase is nourished from the produce of the land, and the crops spring from its soil; and therefore the lessor ought not to be deprived of the opportunity to enforce rent as compensation for the use of the land against the products incidental to such use. The security he is given by this statute cannot well be taken from the landlord without his consent, and though it may be that the mortgage and lien attached at about the same time, we are of opinion that the court rightly held the lien of the plaintiff superior to that of the mortgage held by the defendant bank. *Leslie v. Hinson*, 83 Ala. 266 (3 So. 443); 24 Cyc. 1262; *Tomlinson v. Greenfield*, 31 Ark. 557; *Ford v. Clewell*, 9 Houst. (Del.) 179 (31 Atl. 715); *Page v. Larrowe*, 66 Hun 636 (22 N. Y. Supp. 1099); and *Broders v. Bohannon*, 30 Ore. 599 (48 Pac. 692).

III. Appellant bank contends that plaintiff is estopped from asserting that his landlord's lien is superior to the lien of the mortgage, on the grounds appearing in *Toledo Sav. Bank v. Johnston*, 94 Iowa 212. The evidence fell short of establishing the elements essential to constitute this defense.

The court apportioned the costs, and, as we think, rightly; for each party succeeded in part.—*Affirmed*.

PRESTON, C. J., EVANS and SALINGER, JJ., concur.