J. P. JONES, Appellee, v. HOME SAVINGS BANK OF KIRON et al., Appellants.

**TRUSTS: Constructive Trusts—Proceeds of Mortgaged Property.** While the lien of a chattel mortgage does not follow the proceeds of a sale of the mortgaged property, yet the mortgagee may in equity impress a trust on such proceeds when in the hands of one who had full knowledge of the mortgage and of the source of said proceeds.

Headnote 1: 11 C. J. p. 635; 39 Cyc. p. 190.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

DECEMBER 15, 1925.

ACTION in equity, to impress a trust upon certain funds in the hands of the defendants which are the proceeds of the sale of certain personal property upon which the plaintiff had a chattel mortgage. A decree was entered in favor of the plaintiff, and the defendants appeal.—*Affirmed.*

*P. W. Harding* and *Robertson & Robertson,* for appellants.

*Conner & Powers,* for appellee.

FAVILLE, C. J.—I. One Gust Anderson executed and delivered to appellee a chattel mortgage upon twenty-eight head of steers. The mortgage was executed February 27, 1920, and was recorded the same day. On or about March 1st, Anderson moved upon a farm owned by the defendants Johnson, Swanson &

Baker, and moved said mortgaged property to said premises. He had other cattle on the farm. About a year later, Anderson shipped the cattle, except one steer which had died, with other cattle, to a commission house in Chicago, where they were sold. On the day that the stock was sold, Johnson, who is cashier of appellant bank, wrote two letters to the commission firm in Chicago, instructing said firm to send the proceeds of the shipment of said cattle to the said savings bank. This was done. Anderson accompanied the shipment of stock to Chicago, and upon his return to Kiron called at the savings bank, and was requested by Johnson to settle the indebtedness which he was then owing to the said bank and also to Johnson, Swanson & Baker. It is the contention of appellee that Anderson then informed Johnson, who was acting for the bank and for the partnership of Johnson, Swanson & Baker, that appellee had a mortgage on twenty-seven head of the cattle which had been sold in Chicago, and instructed Johnson that appellee's mortgage must be paid out of the proceeds of said sale. It appears that at said time Johnson made out three checks for Anderson to sign. Anderson is a man of very limited education, and he signed the checks without reading them. It afterwards transpired that one of the checks was made payable to Johnson, Swanson & Baker, and that each of the other checks was made payable to the Home Savings Bank of Kiron. Swanson and Baker were both officers of the savings bank. Before the cattle in question were shipped to Chicago, appellants Johnson, Swanson & Baker took a chattel mortgage upon certain cattle which Anderson then had upon their farm, and included in said chattel mortgage all of the cattle Anderson had upon the premises, except the twenty-seven head that were covered by appellee's chattel mortgage. They never at any time had any chattel mortgage upon said cattle, and any landlord's lien which they may have had thereon was subject to appellee's rights under his chattel mortgage, which was executed and duly recorded before the cattle were taken upon the leased premises by Anderson. Appellants urge that, where the mortgagor of chattel property sells the same without the consent of the mortgagee, the lien of the mortgage does not attach to the proceeds of such sale, and the proceeds cannot be followed by the mortgagee and a lien en-

forced against them. This is undoubtedly the general rule, and one frequently recognized by this court. *Waters v. Cass County Bank,* 65 Iowa 234; *Casady & Co. v. German Sav. Bank,* 159 Iowa 149; *Smith v. Clark,* 100 Iowa 605; *Smith v. Crawford County St. Bank,* 99 Iowa 282; *Harlan v. Ash,* 84 Iowa 38. Appellee concedes this well established rule.

As we view it, however, this rule is not applicable to the instant case. Appellee's action is not at law for conversion, but is in equity, to impress a trust upon certain funds in the hands of appellants which it is contended are the proceeds of the sale of property upon which appellee had a chattel mortgage; and it is claimed that appellants were charged with actual knowledge of the fact that said funds were the proceeds of the property upon which appellee had a lien under his chattel mortgage. A careful examination of the record satisfies us that the trial court was correct in reaching the conclusion that the evidence satisfactorily shows that appellants did have actual knowledge of the fact that the funds which they received from the commission house in Chicago were the proceeds of the sale of the twenty-seven head of cattle upon which appellee had a chattel mortgage, and that appellants were fully advised of the existence of said chattel mortgage. Under such circumstances, a court of equity has the power to impress a trust upon funds so held and received by a party having such actual knowledge of the existing mortgage. Appellants could not divert said funds to their own use, against appellee's rights.

In *Hamm Brewing Co. v. Flagstad,* 182 Iowa 826, speaking of a somewhat similar situation, we said:

"That equity will impress a trust upon the proceeds, in such a case, as against the mortgagor, and as against a disinterested depositary, is beyond question."

Again, under a somewhat similar state of facts, in *Barnes v. Thuet Bros.,* 116 Iowa 359, we said:

"The defendants' acts amount to constructive fraud, at least; and in such a case equity will declare a constructive trust for the purpose of administering justice and right, though such a trust was not within the contemplation of the parties."

As bearing on the question see, also, *Hoyt v. Clemans,* 167 Iowa 330; *First Nat. Bank v. Riggle,* 195 Iowa 189; *Smith v.*

*Des Moines Nat. Bank,* 107 Iowa 620; *Cable v. Iowa St. Sav. Bank,* 197 Iowa 393; *Alter v. Bank of Stockham,* 53 Neb. 223 (73 N. W. 667); *Cone v. Ivinson,* 4 Wyo. 203 (33 Pac. 31, 35 Pac. 933).

It is unnecessary that we set out or review the evidence in detail, but we are satisfied therefrom that appellants had actual knowledge that the funds received by them were the proceeds of the sale of the twenty-seven head of cattle upon which appellee had a chattel mortgage, and that appellants knew of the existence of said chattel mortgage on said property at said time. It was not only within the power of a court of chancery to impress a trust upon the funds, under the facts proven, but it was its duty, as a court of equity and good conscience, so to do.

II.   Appellants urge, however, that the proceeds were disbursed by the mortgagor, Anderson, by checks which he signed that were made payable to appellants, and hence they are not liable for the funds so disbursed. We have heretofore referred to the three checks which he signed.

Appellants invoke the rule recognized in *Cable v. Iowa St. Sav. Bank,* supra. The facts of the case do not, however, bring it within the rule as to funds already disbursed.

In the first place, we are satisfied from the evidence that Anderson had no purpose or intention to disburse or divert said funds except in such a manner as that appellee's claim should first be paid therefrom, and that it was his purpose and intention so to do. He believed he was doing this very thing when he signed the three checks, two of which, for some unexplained reason, were made payable to appellant bank.

All of appellants had full notice that the funds in question were the proceeds of the cattle upon which appellee had a chattel mortgage. All of the funds still remained in the hands of appellants, notwithstanding the signing by Anderson of the checks referred to. They had not been otherwise disbursed.

Appellants' contention at this point, under the record in this case, is without merit.

Other matters urged by appellants inhere in the matters heretofore discussed, or do not merit consideration. It follows

that the decree of the district court was correct, and it is in all respects.—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.