L. A. Andrew, State Superintendent of Banking, Appellant, v. Marshalltown State Bank, Defendant; F. L. Meeker, Executor, Intervener, Appellee.

No. 39380.

June 24, 1929.

Rehearing Denied October 15, 1929.

*C. H. E. Boardman*, for appellant.

*F. E. Northup* and *E. N. Farber*, for appellee.

Stevens, J.—F. L. Meeker, executor of the estate of Thomas

Swearingen, deceased, became indebted to the Marshalltown State Bank on notes amounting to $12,000. As executor, he had charge of the renting and control of about 600 acres of real estate. This he leased for successive years to one Ellis Bailey, who, at the time material to this case, owed the executor a balance on the rent for each year from 1919 to 1922, both inclusive, and was also heavily indebted to the bank. The full balance of rent due aggregated several thousand dollars.

On February 27, 1923, a public sale was had of all of the personal property of the tenant on the leased premises. This sale amounted to $7,617.09. The sale was clerked by one Shoemaker, to whom the proceeds were paid. Very shortly after the sale, Bailey executed a written assignment thereof up to $7,000 to the bank, and so notified the clerk of the sale. In pursuance of the notice served upon him by Bailey, Shoemaker paid the $7,000 to the bank, which executed a bond to him, to protect and hold him harmless against any and all claims that might be asserted to the fund. On July 31, 1926, the executor commenced action against the Marshalltown State Bank, praying that the amount received by it from Shoemaker be credited on, or offset against, his indebtedness thereto. Subsequently, and on June 3, 1927, the executor filed a petition in intervention in the receivership, in which the same relief was prayed. The appeal of the receiver was first perfected, and he will be designated as the appellant.

The court found that the lien of the landlord had expired, except as to the rent for 1922. The decree sustained the claim of the executor to $2,020 of the amount paid to the bank by Shoemaker, and ordered the same offset, as prayed. The balance was adjudicated in favor of the appellant.

Appellant presents three propositions: (a) That the evidence wholly fails to show that the proceeds of the sale received by Shoemaker and by him turned over to the bank were subject to a landlord's lien; (b) that, if the same was at any time subject to a landlord's lien, the same was extinguished and lost by the sale; (c) that appellee's claim to a landlord's lien is barred by the statute of limitations.

It is convenient to dispose of these propositions in the order stated.

I. It must be conceded that the record tending to show that

the money received by the bank was the proceeds of the sale of personal property upon which the executor had a landlord's lien could easily have been made more definite. Appellee realized the incompleteness of his case at this point, and sought to have it reopened, so as to permit the introduction of further testimony. We think, however, the evidence sufficient. Appellee testified that the sale was had on the premises under an agreement with the tenant for the purpose of obviating the necessity and expense of enforcing the landlord's lien by action at law. It is conceded that the money paid by Shoemaker to the bank represented the proceeds of the sale. The suggestion of counsel that some of the property sold may have been exempt from execution, and, therefore, not subject to the landlord's lien, is without merit. We find nothing in the record tending to show that any of the property sold was, in fact, exempt from execution, and, in any event, the bank was permitted to retain more than $4,000 of the proceeds, which would, no doubt, cover all exempt property.

II. The lien of the landlord upon the personal property of his tenant used upon the premises expires six months after the close of the term. Section 10262, Code of 1927. More than six months had elapsed, at the time of the sale, after the termination of all leases prior to the lease for 1922. This lease expired March 1, 1923, and the property was sold in February. The pleadings of appellee and the argument of counsel on  both sides proceed upon the theory that whatever right appellee may have to the impressment of a trust on the proceeds of the sale has its origin in the landlord's lien for rent. We shall dispose of the case upon this theory.

Counsel further in argument treat the situation presented as analogous to the situation arising from the sale by a mortgagor of the mortgaged personal property without the consent of the mortgagee, and seek to apply the same general principle: that is, that the mortgagee in such circumstances may, in equity, have a trust impressed on the proceeds in the hands of a third party who received the same with knowledge of the facts. The evidence in this case conclusively shows that the sale of the tenant's property was had on the premises in pursuance of an oral agreement between him and appellee for the purpose of avoiding the expense of legal proceedings. Shoemaker became clerk of the

sale at the request of the tenant, but appellee consented thereto. Prior to the sale, appellee served written notice upon the clerk of his claim to a landlord's lien on the property of the tenant, naming the years for which rent was due; and the clerk admitted that he promised to pay the proceeds to appellee. Whether established by the direct proof or not, the inference must be drawn from the testimony that the vice president of the bank was fully advised as to the arrangement and understanding between appellee and the tenant, and knew that appellee understood that the proceeds of the sale were to be turned over to him to apply on the rent due. This is shown by what occurred at the bank a few days prior to the sale, when appellee and his tenant went there to talk the matter over with the vice president. As stated, the tenant was indebted to the bank in a considerable sum, which was unsecured. Other creditors were pressing him. He desired to avoid action by them which would embarrass or interfere with the sale. It was agreed, at the time in question, between Bailey and the bank, and acquiesced in by appellee, that the former would execute a chattel mortgage to the bank, for the purpose of warding off creditors. It was then talked, particularly between appellee and the vice president, that the proceeds of the sale were, by arrangement between appellee and the tenant, to be applied to the payment of the rent, and, in turn, to be paid by appellee on the notes which he was owing to the bank. It may be that Bailey did not, in specific terms, consent to all that was said and done on that occasion, but we think the inference must be that all of the parties fully understood the disposition that was to be made of the proceeds of the sale. If we limit the issue solely to the extent of the lien of appellee, it seems to us that the bank must be considered as holding the fund in trust for appellee. The sole purpose for which appellee consented to the sale of the property was that both parties to the lease desired to avoid useless expense. The understanding between them was complete. We need not, in this connection, concern ourselves with the question whether the lien was technically abrogated by the sale or not. The knowledge of the bank was complete, and no such injustice as would result from the denial of the right of appellee to impress a trust upon the proceeds to the extent of his lien, under the lease for 1922, should be sanctioned. As sustaining this conclusion, see *Scurry v. Quaker Oats Co.*, 201 Iowa

1171; *Jones v. Home Sav. Bank,* 200 Iowa 1186; *Korner v. Mc-Kirgan,* 202 Iowa 515.

III.   It is true that an action in favor of the landlord for damages against a third party who has purchased property from a tenant on which he has a lien is barred in six months after the expiration of the term.   *Nickelson v. Negley & Sherwin,* 71 Iowa 546; *Boyd v. Stipp & Harlan,* 151 Iowa 276; *Ralston Sav. Bank v. Fisher,* 165 Iowa 680.   The situation, however, in this case, which is in equity, is different from one in which a landlord sues the purchaser of property of his tenant for damages as for conversion.   The right to have a trust impressed upon the fund arose by virtue of the lien of the landlord, and the trust came into being immediately on the sale and the delivery of the proceeds to the bank, under the facts and circumstances disclosed in this case.   The relation between appellant, the bank, and appellee at once became that of trustee and *cestui que trust.* The right of the beneficiary to recover the trust fund was not limited to six months after the expiration of the lease.   Equity will deal with the transaction as of the date on which it occurred.   The statute relied upon at this point has nothing to do with the case.   The action in equity is for the purpose of establishing and compelling the execution of the trust.   The general statute of limitations is, therefore, to be applied, and obviously the action is not barred.   As stated, a trust was impressed on the fund only to the extent of the lien on the property existing at the time of the sale.   The claim of appellant was sustained as to the rest of the $7,000.   It follows that the judgment and decree of the court is affirmed on both appeals.—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.