**FS CREDIT CORPORATION,**
**Appellant,**

v.

**TROY ELEVATOR, INC., Appellee.**

**No. 87–593.**

Supreme Court of Iowa.

April 13, 1988.

Allan C. Orsborn of Keith & Orsborn, Ottumwa, for appellant.

John B. Martin of Stephens & Martin, Bloomfield, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

In this case, the FS Credit Corporation (FS) sued Troy Elevator, Inc. (Troy) for conversion of a corn crop in which FS allegedly held a security interest. The crop had been sold to Troy by Kenneth Green, a farmer who had been given credit by FS in exchange for a lien on his 1982 corn crop. The security agreement between FS and Green provided that Green was required to obtain consent from FS before selling the crop. As in the previous two years, however, Green sold the corn without the consent of FS.

We have already reviewed this dispute in *FS Credit Corporation v. Troy Elevator, Inc.*, 397 N.W.2d 735 (Iowa 1986), and the details of the case are set out there. Our earlier decision reversed a judgment in favor of Troy that was based on a finding of an implicit waiver of the consent condition. We said the district court had failed to give proper effect to a provision in the 1982 security agreement that "give[s] notice that the written consent condition will apply [to] future sales, despite past waivers of the condition" in 1980 and 1981. *Id.* at 738. Because of this new provision, which was not included in earlier security agreements, the course of dealings in previous years was not sufficient by itself to show waiver in 1982. *Id.* at 738–39.

We remanded the case, however, for the district court to consider (1) whether the evidence of past waivers together with evidence of the 1982 dealings constituted an implicit waiver of the consent condition in 1982, and (2) whether an agent of FS executed an express waiver of the lien on the crop. The district court found that FS had waived the consent condition by continuing its prior course of dealings in 1982 and that its agent had executed an effective lien waiver.

In this conversion action, we review the district court's resolution of these factual issues to correct errors of law. *FS Credit Corp. v. Shear Elevator, Inc.*, 377 N.W.2d 227, 232 (Iowa 1985). We are bound by the district court's findings of fact if they are supported by substantial evidence. *Witcraft v. Sundstrand Health & Disability Group Benefit Plan*, 420 N.W.2d 785, 787 (Iowa 1988). Evidence is substantial if a reasonable mind would accept it as adequate to support a conclusion. *Id.* In evaluating the evidence, we view it in the light most favorable to the district court's findings and need only consider evidence favorable to the judgment, whether or not it is contradicted. *Shear Elevator*, 377 N.W.2d at 232.

■ Regarding the issue of implicit waiver here, we noted in our earlier decision that "[o]ur review of the record indicates there is substantial evidence upon

which the finder of fact could [determine such a waiver had occurred]." *Troy Elevator*, 397 N.W.2d at 739. We now reaffirm that view. The record shows, for example, that the FS representative in charge of Green's account did not advise him to obtain consent before selling his 1982 crop. Similarly, no employee of FS ever informed Green after the 1982 sale that he had violated the consent condition. We think a reasonable mind could accept this evidence as adequate to support the district court's finding that "FS continued its past practice of allowing sales of collateral without requiring permission."

■ Even more substantial, perhaps, is the evidence showing that an FS agent executed an express lien waiver. FS agents are allowed to execute such waivers after obtaining approval from the FS representative in charge of waivers. In this case, the FS agent testified that he thought the representative had instructed him to execute lien waivers on Green's corn and bean crops. He also said he had had the intention to do so, despite a discrepancy in the signature on the corn crop waiver form. This testimony indicates the agent had, as the district court found, actual authority to execute the waivers.

■ There may have been a misunderstanding, however, about whether the FS representative actually authorized the agent to execute waivers on both crops. But even without actual authority, we think the evidence shows that the agent bound FS with his "apparent" authority to execute the waiver. *See Troy Elevator*, 397 N.W.2d at 740 (binding apparent authority " 'is that which, although not actually granted, has been knowingly permitted by the principal or which [the principal] holds the agent out as possessing' "); *see also Mayrath Co. v. Helgeson*, 258 Iowa 543, 548, 139 N.W.2d 303, 306 (1966). The agent's testimony substantially supports the district court's finding that he had apparent authority to bind FS.

In summary, we hold that substantial evidence supports the district court's conclusions regarding the factual issues we instructed it to address on remand. Accordingly, we affirm.

AFFIRMED.