Beverly **MEYER**, Appellee,

v.

**HAWKEYE BANK & TRUST COMPANY**, Appellant,

and

**Milford M. McPeak and Maxine McPeak**, Defendants.

No. 87–540.

Supreme Court of Iowa.

May 11, 1988.

Neven J. Mulholland and Stuart J. Cochrane of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellant.

M. Gene Blackburn and Daniel W. Willems of Law Offices of M. Gene Blackburn, P.C., Fort Dodge, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

In *Perkins v. Farmers Trust & Savings Bank*, 421 N.W.2d 533 (Iowa 1988), we held that a landlord's lien enjoys priority over a perfected security interest in crops grown on the land. The question here is whether such a priority exists as to all crops grown on both of two farms which were separately leased by the same landlord to the same tenants. The trial court determined that the landlord's lien for each lease attached only to crops raised on the separate premises covered by that lease. Hence crops grown on one farm were not subject to a landlord's lien for rent due on the other farm. The trial court however found for the landlord upon determining that the bank which owned the security interest held crop proceeds as a constructive trustee for the landlord. We affirm.

Plaintiff Beverly Meyer owns two separate farms. They are in adjoining counties and are several miles apart. By separate leases both farms were cash rented to defendants Milford and Maxine McPeak. A farm in Kossuth County was leased for $18,480, including a final payment of $9240 due December 1, 1985. A farm in Wright County was leased for $16,200, including a final payment of $8100 also due December 1, 1985.

Defendant Hawkeye Bank & Trust loaned money to the McPeaks and held a perfected security interest from the McPeaks on all their crops grown on either farm. Plaintiff held a landlord's lien on the same crops. *See Perkins*, 421 N.W.2d at 534; Iowa Code § 570.1 (1985).

The McPeaks failed to pay either of the December 1 payments. During the 1985 crop year the McPeaks grew soybeans on the Wright County land and corn on the Kossuth County land. The soybeans were sold for $19,100. The McPeaks tendered the check for the soybeans to plaintiff in full payment of the cash rent. The corn was sold for $30,208, with the corn proceeds taken by Hawkeye Bank & Trust and applied by the bank to obligations owing to them by the McPeaks. Because Hawkeye Bank & Trust claimed to have a right to the soybean proceeds, the landlord filed an action against the McPeaks and the bank to recover the $17,340 due under the two farm leases.

On the landlord's motion for summary judgment the questions involved priority of the liens, whether the landlord's lien arising from the rental of one farm extended to crops grown on the other farm, and whether the lien extended to crop proceeds. The trial court, anticipating our decision in *Perkins*, correctly held that the landlord's lien took precedence over the bank's perfected security interest. This appeal by the bank challenged the trial court's further determination that the landlord was entitled to proceeds from the sale of the crops. The McPeaks did not appeal.

■ I. The bank argues that the landlord's lien upon crops grown on one farm does not attach to crops grown on another farm under a separate farm lease. Because the $19,100 soybean proceeds were not derived in any part from crops grown on the Kossuth County farm, the bank contends Meyer has no lien against

the $19,100 for rent due from the other farm where corn was raised. The bank thinks the landlord's lien on the soybean proceeds is limited to $8100—the amount of rent due on the land that produced the soybeans. The bank is correct in this contention.

Iowa Code section 570.1 (1985) states:

A landlord shall have a lien for the rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and which is not exempt from execution.

In *Thompson v. Anderson*, 86 Iowa 703, 53 N.W. 418 (1892), we discussed the purpose of giving the landlord such a lien and stated:

The evident purpose of the statute is to give to the landlord a lien upon all crops grown upon his premises and upon all other personal property of the tenant not exempt from execution, to the maintenance or improvement of which the use of his premises has contributed, as well as upon the work, animals, tools, and machinery with which the premises, when farm lands, have been cultivated. The reason upon which this lien is grounded is that the use of the landlord's premises has contributed to the production, improvement, or maintenance of the property upon which the lien attaches.

*Id.* at 706, 53 N.W. at 419. The landlord's lien discussed in *Thompson* was identical to the current one.

In *Dilenbeck v. Security Savings Bank*, 186 Iowa 308, 169 N.W. 675 (1918), *modified*, 172 N.W. 486 (1919), we again discussed the purpose of the landlord's lien statute, as well as the rationale for giving the lien priority over a perfected security interest in crops to be grown:

This statute was enacted to secure to the landowner payment of the rent accruing, and also to protect the tenant in enabling him to make use of the profits derived from his lease in the satisfaction of rent due, and enable him to continue in the enjoyment of the premises during the term.... Under the law, a mort-gage on crops to be grown does not attach until the crop is planted, nor does it attach to the increase until it comes into existence; and it is manifest that the tenant cannot, by a contract with a third person, deprive the landlord of the lien expressly created by statute on crops to be grown or the increase to come into existence subsequent to the tenant's taking possession of the leased premises. If there were no other reason for so holding, sufficient reason could be found in the fact that the increase is nourished from the produce of the land, and the crops spring from its soil; and therefore the lessor ought not to be deprived of the opportunity to enforce rent as compensation for the use of the land against the products incidental to such use.

186 Iowa at 311–12, 169 N.W. at 677. *Thompson* and *Dilenbeck* illustrate that a landlord is given a lien for rent upon crops because the land has contributed to the growing process. We think a landlord's lien is inappropriate for crops grown on other land. *See* 52 C.J.S. *Landlord and Tenant* § 627, at 809–10 (1968) ("[O]ne renting separate parcels of land to the same tenant has, for the rent of each, only a lien upon crops grown upon that parcel.").

II. Believing the case called for a practical solution, the trial court nevertheless entered summary judgment for the landlord. It reasoned:

Technically, plaintiff should receive her rent from the proceeds of each property and according to each lease. To simplify and expedite resolution of this matter, plaintiff shall take all of her rent from the money she now holds and shall turn over the funds in excess of $17,340 to Hawkeye.

The bank challenges this resolution of the dispute. It asserts the landlord's lien does not extend to proceeds derived from the sale of the crops. Rather, according to the bank, the landlord must proceed against the McPeaks and the purchaser of the corn. The bank insists it was improper to allow the plaintiff to take rent owed on the Kossuth County land from the soybean

proceeds. The bank relies on *Sensibar v. Hughett,* 227 Iowa 591, 288 N.W. 674 (1939) (a landlord's lien is not lost by a tenant's sale of property and may maintain an action for conversion against the purchaser).

More on point is *Andrew v. Marshalltown State Bank,* 208 Iowa 1184, 225 N.W. 957 (1929). In *Andrew,* the tenant, in order to save court costs, sold property subject to a landlord's lien for the benefit of the landlord. The buyer knew of the purpose of the sale. We held that the trial court properly impressed a trust on the proceeds of the sale in the amount of the lien. *Id.* at 1186–88, 225 N.W. at 958–59.

We think it follows under our holding in *Andrew* that, when a tenant sells property subject to a landlord's lien, a person who receives the proceeds of the property with knowledge of the lien may be compelled to account for the proceeds as a constructive trustee. The principle has application here. The McPeaks gave the bank the corn proceeds and the landlord the soybean proceeds in an effort to satisfy debts to both parties. The bank accepted the corn proceeds with full knowledge that the landlord had a lien on the corn. The bank was thus a constructive trustee for the landlord.

The trial court could have directed the parties to exchange checks so that the funds received by the landlord could be traced directly to the farm in accordance with the correct lien. The net result would have been the same.

Under the facts here it was not error for the trial court to allow the landlord to keep the amount owed to her.

AFFIRMED.