Lyle ZIMMERMAN, Plaintiff–Appellant,

v.

Eldon L. KILE, d/b/a Kile's Feed & Grain; C.C. Bender; and S/M Farm Service Company, Defendants–Appellees.

C.C. BENDER, Cross–Petitioner,

v.

Donald SCHROEDER and Farmers & Merchants Savings Bank, Cross–Petition Defendants.

No. 88–48.

Court of Appeals of Iowa.

April 25, 1989.

John T. Nolan of Rate, Nolan, Moen & Parsons, Iowa City, for plaintiff-appellant.

Anne G. Burnside, West Liberty, for defendants-appellees Eldon Kile and C.C. Bender.

Thomas J. Shields of Lane & Waterman, Davenport, for defendant-appellee S/M Farm Service Co.

David J. Meloy of Stanley, Rehling & Lande, Muscatine, for cross-petition defendant Farmers & Merchants Sav. Bank.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case is a conversion action between plaintiff-appellant Lyle Zimmerman, a landowner, and defendants-appellees Eldon L. Kile, d/b/a Kile's Feed & Grain; C.C. Bender; and S/M Farm Service Company, grain buyers. The issue is whether the record contains substantial evidence to support the trial court's findings plaintiff had waived or was estopped from asserting his statutory landlord's lien against grain sold by his now bankrupt tenant to defendants Kile Bender, and S/M Farm Service Company. *See F.S. Credit Corp. v. Tray Elevator Co.*, 421 N.W.2d 537, 538 (Iowa 1988). We find support in the record for the trial court's determination as to defendant Kile and would affirm on that issue. We do not find substantial evidence to support the trial court's determination as to grain sold to the other two defendants.

Donald and Jeffrey Schroeder leased the plaintiff's farm during the 1984 crop season. Cash rent of $57,750 was due in two equal installments on July 1 and December 1 of 1984. On July 3, 1984, Schroeders and plaintiff made an oral agreement to defer payment of the rent until December 1, 1984. In October of 1984, plaintiff filed a financing agreement concerning crops grown on his land by the Schroeders. Plaintiff was aware Schroeders began harvesting crops in November. On December

8, 1984, plaintiff and Schroeders met at Lone Tree Bank where Schroeders were denied a loan to pay the cash rent. A week later Schroeders informed plaintiff the grain from his farm had been delivered to the three defendants. Bender had purchased the corn on contract from Schroeders during March and July of 1984; Kile had purchased the corn on contract during July, August, and September of 1984; and S/M Farm Service Company purchased Schroeders' grain during September 1984.

The trial court found, and we agree, plaintiff had a valid lien on the crops by virtue of section 570.1 (1987) of the Code, which provides in pertinent part a landlord shall have a lien for his rent upon all crops grown upon the leased premises. A landlord whose lien has been destroyed or lost by reason of sale of that property to which the lien is attached by his tenant may maintain an action against the purchaser for conversion unless the landlord has waived, or is estopped from asserting his lien.

The trial court held each defendant had proven the elements necessary to show plaintiff had waived or was estopped from asserting his lien. The trial court found Schroeders started harvesting corn in late October or early November. To help in the harvesting, Schroeders borrowed a wagon from plaintiff. Plaintiff was on the farm twice in November and when the corn was being harvested. When plaintiff went to the farm December 5, all of the crop had been harvested. Plaintiff knew there was not sufficient storage on the farm and the corn would have to be delivered and sold elsewhere.

We affirm the trial court's determination plaintiff waived his landlord's lien as to grain sold to Kile. Kile testified on two occasions he offered to put plaintiff's name on the check he gave Schroeders for the grain on which plaintiff had a lien, and plaintiff said it was not necessary to put his name on the check. Plaintiff denies these conversations but the trial court chose to believe Kile and held they occurred. This is substantial evidence to support a finding plaintiff waived his lien as to grain sold to Kile. A lien may be waived

by a course of conduct granting the debtor implied authority to sell collateral. *See Credit Ass'n v. Keoco Auction Co.*, 347 N.W.2d 393, 396 (Iowa 1984).

■ We reverse the trial court's finding plaintiff had waived or was estopped from asserting his lien as to the other two defendants because plaintiff knew crops were being harvested, and there was not sufficient storage on the farm. The trial court determined because of this the landlord knew the grain would be sold. We note such a holding ignores the fact grain elevators also *store* grain.

■ At the outset we note the trial court placed some reliance on the failure of plaintiff to make a timely UCC filing. The failure to make a UCC filing does not defeat the landlord's lien. The holder of a landlord's lien should not be treated as a UCC lienholder. *Perkins v. Farmers Trust & Savings Bank*, 421 N.W.2d 533, 535 (Iowa 1988). We therefore give no consideration to the failure to make a timely UCC filing.

The trial court determined plaintiff had an affirmative duty to take action to protect his lien and having failed to do so, he should suffer the loss as against the grain elevators, despite the grain dealers' testimony they knew the persons selling the grain were tenants and the grain dealers never made any attempt to obtain plaintiff's lien waiver.

■ Waiver and estoppel is an affirmative defense and the defendant has the burden of proof on the issue. *Sensibar v. Hughett*, 227 Iowa 591, 593, 288 N.W. 674, 675 (1939). Generally, if the landlord knows of or consents to a sale of the property to which the lien is affixed, and makes no objection to the sale and fails to notify the purchaser of his lien, then the landlord is estopped from demanding payment from the purchaser. *Sensibar*, 288 N.W. at 675.

■ Waiver is usually defined as the voluntary relinquishment of a known right. To be effectual a waiver must not only be made intentionally, but with knowledge of the circumstances. *Axtell v. Harbert*, 256 Iowa 867, 874, 129 N.W.2d 637, 641 (1964).

We do not find mere knowledge by the landlord the crop is being harvested or will be harvested and will be or is being moved to a commercial storage facility to be sufficient evidence to support a finding of waiver or estoppel. This case is distinguishable from *Wright v. E.M. Dickey Co.*, 83 Iowa 464, 466–68, 50 N.W. 206, 206–07 (1891), where the court found a waiver because the landlord knew the grain was being sold to an innocent purchaser and knew who the purchaser was but gave no notice. *See also Hodges v. Grain Co.*, 161 Iowa 496, 500–501, 143 N.W. 501, 502–03 (1913).

To accept the trial court's reasoning would establish an economically unfeasible situation in the farm community. Any landlord whose rent is not yet paid and knows crops are being harvested whether rent is yet due or not would either have to attach the grain or make the rounds of any and all grain buyers in an undefined area to tell them he or she has a lien. This would be cumbersome and could be embarrassing to the tenant who well intends his or her landlord to be a payee on a grain check.

Astute grain buyers are aware landlord liens exist. Ownership of the land from which the crops are being harvested is easily ascertainable from the county auditor or a local plat book. The tenant can be asked to obtain a lien waiver from his landlord.

■ We affirm the dismissal of plaintiff's claim against defendant Kile. We reverse the dismissal of claims against defendants Bender and S/M Farm Service Company. We remand to the trial court with directions to establish the value of grain from plaintiff's property delivered to these two defendants. The trial court shall then enter a judgment against the defendant Bender and a judgment against defendant S/M Farm Service Company for the amount of grain delivered to them. The judgments shall be separate judgments. The amount cannot exceed the amount of plaintiff's unpaid cash rent. *See Meyer v. Hawkeye Bank and Trust Co.*, 423 N.W.2d 186, 187–88 (Iowa 1988).

Costs on appeal are taxed one-third to plaintiff, one-third to defendant Bender and one-third to defendant S/M Farm Service Company.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

DONIELSON, P.J., concurs.

HABHAB, J., concurs in part and dissents in part.

HABHAB, Judge (concurring in part and dissenting in part).

I concur as to that part of the opinion that relates to defendant Kile, but I respectfully dissent as to the remaining part of the opinion relating to the other two defendants, for as to them I believe there is substantial evidence to support the trial court. In dissenting I want it known that I am in full agreement with the majority's analysis of the law. It is a carefully worded opinion that clarifies a number of gray areas that for too long a period of time have existed in this part of the law.