Dorothy SAUDER, Appellant,

v.

UNION PRODUCE COOPERATIVE and Citizens State Bank, Appellees.

No. 97–1804.

Supreme Court of Iowa.

April 28, 1999.

James S. Updegraff, West Union, for appellant.

Andrew F. Van Der Maaten of Anderson, Wilmarth & Van Der Maaten, Decorah, for appellee Union Produce Cooperative, and Barry S. Mueller, Postville, for appellee Citizens State Bank.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Plaintiff, Dorothy Sauder, a farm lessor, appeals from a judgment denying her claim that defendant, Union Produce Cooperative, a grain dealer, converted grain sold by her tenant that was subject to her landlord's lien and that Citizens State Bank should hold the proceeds of the grain sale in constructive trust. After reviewing the record and considering the arguments presented, we conclude that the district court's finding that plaintiff had waived her landlord's lien is not supported by substantial evidence. Based on the uncontradicted evidence in the record, plaintiff is entitled to judgment for conversion against the defendant, Union Produce Cooperative, for a sum equal to the rent secured by her landlord's lien. With respect to plaintiff's claim against the defendant, Citizens State Bank, a factual issue remains, which must be resolved by the district court, concerning the bank's knowledge of the source of Holthaus' deposits to his account.

Plaintiff owns a 280–acre farm which she rented to Clifford Holthaus for a number of years. Beginning in 1990, the terms of her lease with Holthaus called for an annual rental of $22,000 to be paid by a $2000 installment due on July 1 of each year and a $20,000 installment due on the following January 2. Holthaus failed to make the January payment following the 1995 crop year. As a result of subsequent bankruptcy proceedings, his indebtedness to plaintiff has been discharged.

In October and November 1995, Holthaus sold soybeans and corn to the defendant grain dealer for $12,000 and $49,278, respectively. The grain dealer subsequently disposed of that grain. Holthaus later deposited the proceeds of those grain sales in his account with the defendant bank plus an additional $14,209 representing proceeds from crops produced on a different farm. On the date that these deposits were made, Holthaus paid the bank $53,022 in partial satisfaction of loans that were due and owing in the amount of $404,700. At this time Holthaus provided the bank with a financing statement showing the unpaid rent due plaintiff. Prior to his November 30, 1995 deposit, the balance of Holthaus' account at the bank was $5343. After the deposit and corresponding payment on his indebtedness to the bank, this balance was $15,788.

The plaintiff commenced this action against the grain dealer for conversion and against the bank for imposition of a constructive trust. The trial court found in favor of both the grain dealer and the bank. The court concluded that Sauder had given Holthaus implied authority to sell the grain, and thus waived her landlord's lien. In support of this conclusion, the court found that plaintiff's action in structuring the rental payments in a manner in which the major portion was not due until January 2 following the year in which the crop was grown was inconsistent with the exercise of a landlord's lien on the crop. Other facts that are significant to our opinion will be discussed in our review of the legal issues presented.

## I. The Conversion Claim Against the Grain Dealer.

▆▆▆ Pursuant to statute "[a] landlord shall have a lien for the rent upon all crops grown upon the leased premises." Iowa Code § 570.1 (1995). A landlord whose lien has been destroyed by reason of a tenant's sale of a crop may maintain an action against the purchaser for conversion. *Sensibar v. Hughett,* 227 Iowa 591, 593–94, 288 N.W. 674, 675 (1939). Such right exists whether or not the purchaser knew at the time of purchase that the tenant's rent had not been paid or that there was an existing landlord's lien on the crop. *Prior v. Rathjen,* 199 N.W.2d 327, 332 (Iowa 1972). The statutory landlord's lien may be waived by a course of conduct that grants the tenant implied authority to sell the collateral. *Perkins v. Farmers Trust & Sav. Bank,* 421 N.W.2d 533, 536 (Iowa 1988). The burden to establish such a waiver falls upon the party resisting the lien. *Sensibar,* 227 Iowa at 593–94, 288 N.W. at 675.

▆▆▆ In *Zimmerman v. Kile,* 443 N.W.2d 99 (Iowa App.1989), the court of appeals concluded that a finding of waiver may not be predicated on the mere failure of a landlord to advise area grain dealers of the landlord's lien or the landlord's failure to require that the tenant be paid with joint payee checks. That court's rationale for so concluding, which we approve, was as follows:

We do not find mere knowledge by the landlord the crop is being harvested or will be harvested and will be or is being moved [off the premises] to be sufficient evidence to support a finding of waiver or estoppel....

[To so conclude] would establish an economically unfeasible situation in the farm community. Any landlord whose rent is not yet paid and knows crops are being harvested whether rent is yet due or not would either have to attach the grain or make the rounds of any and all grain buyers in an undefined area to tell them he or she has a lien. This would be cumbersome and could be embarrassing to the tenant who well intends his or her landlord to be a payee on a grain check.

Astute grain buyers are aware landlord liens exist. Ownership of the land from which the crops are being harvested is easily ascertainable from the county auditor or a local plat book. The tenant can be asked to obtain a lien waiver from his landlord.

*Zimmerman,* 443 N.W.2d at 101.

▆▆▆ In applying the legal principles that we have discussed, we are convinced that the record fails to reveal any action by plaintiff that may fairly be considered to be an indication that she authorized her tenant to sell the crop in derogation of her statutory lien rights. The district court's belief that the structuring of the rental payments had the effect of an implied waiver of the lien is not sustainable. It was not inescapable that the crops had to be sold before the rent was due. Crops can be stored either on or off the premises. If market conditions were such that Holthaus deemed it necessary to sell the crop before the January rent installment was due, it was incumbent on him to request a lien waiver from plaintiff. That would have afforded plaintiff the opportunity to investigate Holthaus' financial condition and make an informed judgment as to enforcing her lien rights.

The district court believed that plaintiff would not have wished to enforce her lien when the grain was being sold by her tenant because such action would produce a constructive receipt of income and accompanying unwelcome tax burden for 1995. We are not

694

convinced that plaintiff had no escape from that dilemma had she been advised of the sale. In any event,. the choice should have been hers. Assuming that she would have subjected herself to an additional income tax liability, that could have been more beneficial than foregoing her lien and possibly losing all of her January rent. The opportunity to enforce her lien should not have been lost through the unilateral act of her tenant.

For the reasons we have outlined, we conclude that plaintiff did not waive her statutory landlord's lien. Consequently, defendant Union Produce Cooperative was guilty of conversion with respect to the buying and disposition of the grain that stood as security for plaintiff's $20,000 rental payment. Plaintiff is entitled to judgment against that defendant for $20,000 plus interest at the rate of five percent per annum from January 2, 1996. *See* Iowa Code § 535.2(1)(b).

## II. *The Constructive Trust Claim Against the Bank.*

The district court denied plaintiff's constructive-trust claim against the bank on the same theory of waiver that was applied to the claim against the grain dealer. Although a rejection of the waiver theory establishes the liability of the grain dealer as a matter of law, it may be otherwise as to the bank's liability. The applicable law is set forth in *Meyer v. Hawkeye Bank & Trust Co.*, 423 N.W.2d 186 (Iowa 1988). We stated in that case:

> [W]hen a tenant sells property subject to a landlord's lien, a person who receives the proceeds of the property with knowledge of the lien may be compelled to account for the proceeds as a constructive trustee. The principle has application here.... The bank accepted the corn proceeds with full knowledge that the landlord had a lien on the corn. The bank was thus a constructive trustee for the landlord.

*Meyer*, 423 N.W.2d at 189.

Although the bank had information concerning Holthaus' status as a tenant on plaintiff's farm and perhaps knew of the unpaid rental owing to plaintiff, the record also reveals that Holthaus had grain from other sources. Among the fact issues remaining in the claim against the bank is an issue of fact concerning its knowledge of the source of the grain that produced the cash proceeds that were deposited in Holthaus' account. Because the district court decided the case on a waiver theory, it did not make the required findings of fact on the merits of plaintiff's constructive-trust theory. Following remand, the district court shall make all necessary findings of fact with respect to the bank's liability in accordance with the legal principles set forth in our *Meyer* decision and render an appropriate judgment. Those findings shall be made on the existing record.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to the district court for entry of judgment against defendant Union Produce Cooperative in the sum of $20,000 plus interest at the rate of five percent per annum from January 2, 1996, plus additional interest on the aggregate judgment from date of entry. Also upon remand the district court shall make the requisite findings of fact to dispose of plaintiff's claim against defendant Citizens State Bank and, in accordance with those findings, render appropriate judgment on that claim.

**REVERSED AND REMANDED.**